FLEISCHFRESSER and another vs. SCHMIDT, imp.

DEED: EVIDENCE. *(1) Village plat not duly acknowledged, when admissible in evidence. (2) When original monuments conclusive as to limits of land conveyed.*

1. Although a village plat not acknowledged so as to be entitled to record, does not operate as a grant to the public of lands therein designated as streets, yet it may be resorted to for the purpose of identifying land conveyed by reference to it.
2. A deed conveys certain blocks according to a certain plat not entitled to record, and such blocks are described on the plat as containing a certain area, and the lots therein as having certain dimensions; but the original stakes at the corners of the blocks are still standing or can be established. *Held*, that the positions of such stakes must govern in ascertaining the true boundaries of the lands conveyed; and it was not error to exclude oral evidence that, to obtain the area and dimensions named, the lines of such blocks must be run so as to include in each one half of a strip marked as a street.

APPEAL from the Circuit Court for *Jefferson* County.

Ejectment, for a strip of land about fifty links in width, described as lying between block number three on the west

and block number four on the east, in A. J. Snell's addition to the city of Watertown. In July, 1866, A. J. Snell was the owner and in possession of the premises in dispute, and of the two blocks above described, and of other adjacent lands. The plaintiffs put in evidence, "for the purpose of showing the location of the land described in the complaint and of identifying the same," said Snell's addition to the third ward of the city of Watertown, recorded July 26, 1866. The certificates of platting and acknowledgment are without date; and the plat is not certified by any surveyor; and some other defects therein are alleged, by reason of which it was not entitled to record. The land in dispute appears on such plat as a strip between lots three and four, delineated in a manner which seems to indicate that it was designed as a road or alley. Plaintiffs also put in evidence an unrecorded quit-claim deed of said strip of land from A. J. Snell and wife to them, dated April 6, 1875. One of the plaintiffs testified that he assisted in the survey of Snell's addition; that he was present when the original stakes were put in by the surveyor; that two original stakes remained, at the southeast corner of block three and at the southwest corner of block four; that the one at the southwest corner was rotted off, but lay there on the ground where it originally stood; and that the strip in dispute had been used by him as a road from his own land, immediately south of said blocks, to Watertown; but that, about a year before the action was brought, defendants, who owned respectively blocks three and four, had closed up the road, building their division fence along the middle line thereof.

A motion by defendants for a nonsuit having been denied, they introduced in evidence, 1. A warranty deed dated November 18, 1873, from Snell and wife to *William Schmidt*, one of the defendants, of "all of block number three of A. J. Snell's addition to the city of Watertown." 2. A warranty deed from Snell and wife, of the same date, to one Frederick Schmidt, of "all of block four" of the same addition. 3. A

warranty deed from Frederick Schmidt to Carl Zoern, the other defendant, of lots one, two, three and four of said block four, dated November 22, 1873.

Plaintiffs admitted that the defendants had been in possession of the premises more than six months before the date of the deed from Snell to the plaintiffs. Defendants then called as a witness a surveyor who had made a survey for them of the lands embraced in the plat above named, before the commencement of this action, and offered to show by him that the line of defendant Zoern's land on the east, and defendant *Schmidt's* land on the west, according to a true and accurate survey of the lots and blocks in the said plat described, runs through the center of the lands in controversy. The evidence was rejected.

The court held that the plat above described was not entitled to record; that Snell was not thereby divested of the title to the land in dispute, and it had never become a public highway; and that plaintiffs were seized in fee simple and entitled to the possession of the premises, and entitled to recover their damages from defendants for unlawfully withholding the same, etc. Judgment accordingly; from which the defendant *Schmidt* appealed.

*V. W. Seeley,* for appellant:

1. Block three, which was conveyed to this appellant, is represented on the plat as containing 21.19 acres. The lots in said block are represented as ten chains in length and five chains in width, except lot one, which is 6.19 chains in width. These representations agree. The evidence offered by defendant, and rejected, would have shown that in order to make these lots ten chains in length, and make the block contain 21.19 acres, it is necessary to measure to the center of the strip in question. The same is true in reference to lots 1, 2, 3 and 4 on the east of this strip, which belongs to the other defendant. It will also be seen that this strip in dispute is not designated by any name. In his conveyances to the defend-

ants, Snell makes no reservation of this strip of land. The lands must have been so platted for the especial benefit of purchasers of lots in the addition, and not of persons residing elsewhere. If it was the intention of defendants' grantor to exclude this strip from his grant, his description should have been clear and certain, showing such intention. *Lozier v. R. R. Co.*, 42 Barb., 465; *Weisbrod v. Railway Co.*, 21 Wis., 609. Where lots are sold and described only by numbers on the recorded map, from which they appear to be bounded by a public or private passage-way, such lots are to be bounded by the center of such passage-way. *Lozier v. R. R. Co.*, and *Weisbrod v. Railway Co.*, *supra; Perrin v. R. R. Co.*, 36 N. Y., 120, 124–5; *Dunham v. Williams*, 37 id., 250; *Bissell v. R. R. Co.*, 23 id., 61; *Warner v. Southworth*, 6 Conn., 471. 2. The descriptions in the deeds to defendants, referring to the plat, were sufficiently certain, even though the plat was not entitled to record. *Simmons v. Johnson*, 14 Wis., 523.

For the respondents, a brief was filed by *Mulberger & Gardner*, and the cause was argued orally by *C. H. Gardner*. They contended, among other things, 1. That by the recording of the plat of Snell's addition, the title of the land in question did not pass to the public or to any person. (1) It does not comply with the statute in relation to the platting of lands, in that neither the plat nor the acknowledgment thereof bears any date; nor does it give the names, widths, courses, boundaries or extents of all streets designated thereon; nor is it certified by the surveyor who made it. R. S., ch. 47, secs. 1–5; *Gardiner v. Tisdale*, 2 Wis., 153; *Mathis v. Parham*, 1 Coop. Ch. (Tenn.), 533; 3 Dillon on Mun. Corp., § 494; (2) The lands embraced in the said so-called plat were, at the time of such platting, and are now, situate within the limits of the city of Watertown; and the plat was made in direct violation of law, and unlawfully recorded. Laws of 1865, ch. 210. 2. That in determining the boundaries of the blocks, the original corner stakes, fully identified and established, must control.

*Vroman v. Dewey*, 23 Wis., 530; *Marsh v. Mitchell*, 25 id., 708.

COLE, J.    It was practically admitted on both sides, on the argument, that the plat or diagram offered in evidence was not properly certified and acknowledged so as to entitle it to be recorded.    It did not, therefore, operate as a grant of the strip of land in controversy to the public for a public street. Upon that point there would seem to be no room for doubt. It appears that the plat was introduced in evidence by the plaintiffs without objection, for the purpose of showing the location of the land mentioned in the complaint and described in the deed from Snell and wife to them.    They claim title under that conveyance.    The deed refers to this plat for a description of the land, and the plat could undoubtedly be resorted to for the purpose of identifying the premises conveyed. For, says DIXON, C. J., in *Coats v. Taft*, 12 Wis., 389–391, " We do not understand the law to require that a deed should on its face ascertain the limits or quantity of the estate, or the particular property conveyed; but it will be sufficient if it refers to certain known objects or things, and provides definite means by which the same may be readily ascertained and known."    This rule has been recognized in other cases which have come before the court.    *Benedict v. Horner*, 13 Wis., 257; *Simmons v. Johnson*, 14 id., 524.    Now, upon referring to the plat, the strip of land conveyed is readily ascertained, as much so as though it had been described in the deed itself by courses and distances corresponding to the lines of the lots and blocks.    So there was no difficulty, by the aid of the plat, in identifying the premises conveyed, and which the plaintiffs claimed.    In fact it appears that not only the strip in dispute had been ascertained by actual survey, but likewise the boundaries of the adjoining lots and blocks were known.

By previous deeds, under which the defendants claim title to the strip in dispute, Snell and wife had conveyed all of

blocks three and four in Snell's addition to the city of Watertown. On referring to the plat, it appears that block three is represented as containing 21.19 acres, and the lots in that block are represented as being ten chains in length and five chains in width, except one. In order, however, to make the block ten chains in width, and make it contain the requisite number of acres, it is necessary to extend the measurement to the center of the strip east. It is insisted that this should be done, and that in no other way can the intention of the original grantor be carried out. For, it is said, it is unreasonable to presume that he intended, after conveying away the blocks as he did, to reserve a narrow strip of land between them. There is doubtless force in that view, but it is entirely overcome by the consideration that the original stakes at the corners of the blocks are still standing in their proper positions, or can be established. These stakes or fixed monuments, showing the boundaries of the lots and blocks conveyed by Snell, must govern. *Vroman v. Dewey*, 23 Wis., 530; *Marsh v. Mitchell*, 25 id., 706. This is a settled principle in the construction of conveyances, where an uncertainty arises as to the land conveyed. Nor was it competent to destroy the effect of these monuments by any parol evidence, as it was attempted to do by the various offers made on the trial. They must control as between the defendant and purchasers. This being the case, it follows that there was no error in excluding the testimony offered on the part of the defendants to show the quantity of land contained in blocks three and four, and the distances or width of the blocks.

*By the Court.* — The judgment of the circuit court is affirmed.