[No. 3926.  Decided March 6, 1902.]

SEATTLE TRANSFER COMPANY *et al.*, *Appellants*, v. CITY
OF SEATTLE *et al.*, *Respondents*.

MUNICIPAL   CORPORATIONS — STREET   IMPROVEMENTS — POWERS   OF
COUNCIL — INTERFERENCE OF COURTS.

In an action to restrain the construction by the city of an elevated bridge in the street in front of plaintiffs' premises the complaint states no ground for equitable relief when it contains
merely general allegations of fraud and want of consideration on
the part of the council in ordering the improvement, since the
courts cannot interfere with the council's action in the matter of
improving streets, unless it is shown to be arbitrary, or without
consideration for the public, or an abuse of the council's discretion in the manner of making the improvement.

SAME — STRUCTURES IN STREET — SHUTTING OFF LIGHT, AIR, AND AC
CESS — COMPENSATION.

One's right to light, air, and access necessary to the use and
possession of a lot abutting on a public street is property, for
which he is entitled to compensation by reason of the erection of a
bridge or structure in the street in front of his premises before
the injury thereby occasioned is done.

SAME — ESTOPPEL.

A city council cannot appropriate or damage property and determine the compensation therefor in proceedings for the improvement of a street and the levy and collection of taxes therefor
by local assessment district; hence the failure of one whose
property has been damaged by the construction of a public improvement to appear and object in the proceedings leading up to
the levy of an assessment upon the abutting property by reason
of such improvement would not estop him from claiming damages to his property.

Appeal from Superior Court, King County.—Hon.
WILLIAM HICKMAN MOORE, Judge.   Reversed.

*Metcalfe & Jurey,* for appellants.

*W. E. Humphrey, Edward Von Tobel* and *Leopold M.
Stern,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—Appellants (plaintiffs) in their complaint allege that they are the owners of the whole frontage on each side of Plummer street, in the city of Seattle, between Seattle boulevard and Seventh avenue South. Plummer street, westerly from a point about midway between Seventh avenue South and Eighth avenue South, where it is crossed by the tracks of the Columbia & Puget Sound Railroad, is situated upon Seattle tide lands, and extends across Seattle boulevard towards deep water. It is one of the streets adopted in the plat of the Seattle tide lands, and connects with, and has a corresponding grade with, other tide land streets. Easterly from the point mentioned, Plummer street is situated upon the mainland, and extends directly up the bluff on the easterly side of Elliott Bay to a considerable elevation, reaching an elevation, at its intersection with Eighth avenue South, of about thirty feet above the grade of the tide land streets, and from thence the ascent is abrupt. Eighth avenue South crosses Plummer street at right angles, and is opened and graded some distance northerly and a short distance southerly from such crossing. Southerly · from its intersection with Plummer street, where it has an elevation of about thirty feet above the grade of the tide land streets, its established and natural grade descends laterally along the side of the bluff, making a way for travel with teams and vehicles; and at its intersection with Norman street, a block south of Plummer street, it practically reaches the grade of the tide land streets, and descends and finally becomes a tide land street. Northerly from its intersection with Plummer street, and towards the business part of the city, Eighth avenue South rises a little, but gradually; and

by way of the intersecting streets an easy and practical grade for travel with teams and vehicles to the tide flats and the business part of the city is procured. The streets parallel with Eighth avenue South to the eastward lie on the side of the bluff, and are somewhat similarly situated as Eighth avenue South. Plummer street easterly from Eighth avenue South and all of the other streets parallel therewith to the southward, particularly, are impracticable for traffic by means of teams and vehicles, because of the steep bluff up which they extend. The bluff to the eastward of Eighth avenue South in the vicinity of Plummer street has a few scattered, unpretentious buildings, and has no business now, and it is improbable, from the nature of the ground, that it can have. Eighth avenue South in the vicinity of Plummer street has little or no business, and such as there is is confined almost exclusively to the defendant Armour & Company, whose property on Eighth avenue South has also a frontage on the tide lands. There is little or no traffic between the tide flats and steep bluff, and what there is is confined exclusively to Eighth avenue South, and is for the benefit of the residents on that street. In August, 1900, the city council, acting without a petition therefor, and solely at the instance and request of the respondent Armour & Company, passed a resolution declaring its intention to improve Plummer street from Seattle boulevard to Eighth avenue South by the construction of an overhead bridge roadway twenty-two feet wide, being eleven feet on each side of the center line of the street, beginning at the intersection of Eighth avenue South at the present grade, proceeding westerly, and ascending to an elevation necessary to make an overhead crossing of the Columbia & Puget Sound Railroad tracks, and then descending by an easy grade

to the established grade at the intersection of Plummer street with the Seattle boulevard. Along the frontage of the appellants' premises this structure has an elevation ranging from three or four feet to about twenty feet above the established and natural grade of Plummer street. Afterwards an ordinance was adopted, declaring such structure of public interest, a convenience and a benefit to all the property fronting thereon, and ordering the same to be made and paid for wholly by local assessment upon all the property. Such resolution and ordinance were published, and the local assessment was levied, and notice of the assessment and notice to all persons interested to appear and object thereto was regularly given. It is alleged that appellants had no actual notice of the resolution of intention, the ordinance and the assessment. Upon the commencement of the construction of the proposed roadway, appellants protested against the improvement before the city council, and, such protest being unavailing, commenced this suit. It is further stated by appellants that the improvement of Plummer street as ordered is of no public interest or convenience whatsoever, and is of no benefit to plaintiffs or any of the owners of the property fronting on Plummer street, unless it be the property of the respondent Armour & Company; that it is of great and permanent injury and damage to the property of appellants, and each of them; that it raises the established grade of Plummer street about twenty feet or more at its intersection with Seventh avenue South, sloping thence to the established grade of Plummer street at its intersection with the Seattle boulevard; that the structure will obstruct the free access of light and air to the premises of appellants, and subject such premises to irreparable injury and damage; and that appellants have no adequate remedy for damages at law.

It is also alleged that the city council acted without consideration and wrongfully; that the proposed roadway is not a public improvement; that the action of the council was arbitrary, oppressive, and fraudulent and induced by the influence of Armour & Company. Appellants pray that the proceedings of the city council adjudging the improvement of a public nature, levying a local assessment therefor, and issuing local improvement bonds therefor, be adjudged void, as beyond the jurisdiction of, and an abuse of discretion in, the council, and that the construction of such roadway be perpetually enjoined, and also for such other and further and different general relief as may seem meet and equitable. A temporary injunction was issued, and respondents appeared, and each filed a separate general demurrer to the complaint. Upon hearing, the demurrers were sustained and the injunction dissolved. Appellants electing to stand on the complaint, judgment was entered for respondents.

1.   The main arguments of counsel were upon the power of the council to determine the nature and order the construction of the proposed improvement. Counsel for appellants maintain that the council exceeded its granted powers in ordering the construction of the improvement of Plummer street. It is true, the complaint alleges that the structure is of no public interest or convenience, and had for its object a private convenience, —that of respondent Armour & Company,—and that the council abused its discretion under the guise of public improvements. Counsel, however, concede that the power to determine the necessity for improving the street, and the means and methods adopted, the extent, value, and character of the improvement, are vested in the legislative department of the city, and such powers are broad and complete; that in the exercise of such powers they are to act in

their discretion, and their conclusion, while acting within the powers granted to them and within reasonable bounds, is final and conclusive, and not subject to review by the courts, though their action may not have been wise, and errors of judgment may have been made. 1 High, Injunctions (3d ed.), § 587; 2 High, Injunctions (3d ed.), § 1270; 1 Dillon, Municipal Corporations (4th ed), §§ 94, 95. But the facts stated in the complaint, fairly construed, do not show any fraudulent action or arbitrary or inconsiderate conduct in the city legislature. The resolution of intention to construct the elevated roadway was published a month before the adoption of the ordinance to improve, and in the resolution of intention all persons interested were advised to make objections to the proposed improvement. Thereafter, when the ordinance ordering the improvement was adopted, notice was regularly given, under the provisions of the charter, to all persons interested, of the local assessment district. When the assessments were filed, notice was given to all persons interested to appear before the council and make any objections to their validity. Mere general allegations of fraud and want of consideration on the part of the council cannot prevail, in view of the regularity of the proceedings just mentioned. The roadway described seems to be for general use, and cannot, in all aspects, be said to be useless. The law has reposed in the city council the authority to make, lay out, alter, and improve streets. What is an improvement, rests with that authority. The courts may not, unless the action of the council is arbitrary or without consideration, or the discretion in the manner of making the improvement abused, interfere, and, as suggested, it does not appear from the facts stated in the complaint that a case is presented for equitable interference on the grounds mentioned.

2.    But a more serious question is presented in the allegations of injury and damages to the premises of the appellants by the construction of the proposed roadway. A fair consideration of the facts stated in the complaint shows that damages will be sustained by appellants.    The principle upon which such damages are founded is stated in *Brown v. Seattle,* 5 Wash. 35 (31 Pac. 313, 18 L. R. A. 161).    From the nature of the elevated roadway or structure as described in the complaint, such damages to appellants are apparent and are such as entitle them to compensation; and, under the constitution (§ 16, art. 1), appellants· are entitled to such compensation before the injury is done.    The question of similar damages was so recently before this court that it is only deemed necessary to base our conclusion here on the case of *State ex rel. Smith v. Superior Court of King County,* 26 Wash. 278 (66 Pac. 385), where a careful and full review of the whole law may be found.

3.    It is urged by counsel for the city that the improvement having been ordered by ordinance, a local assessment district formed, the assessment upon the abutting property levied, the proceedings in the levy of the tax against the abutting property appearing with regularity, and no objections to the assessment having been made before the city council, appellants are estopped from claiming damages to their property.    It is true, this court has had occasion to determine the effect of such proceedings in local assessments, and has declared that the justice and validity of the tax can be questioned only by appearance before the council and appeal therefrom in such cases, and such is the established rule.    But it is apparent that, in the proceedings for the levy and collection of taxes in a local assessment district, the city council cannot appropriate or damage property, and determine the compen-

sation therefor.  The taking or damaging of property must be done by the method and within the limitations prescribed by the constitution, and the damages must be assessed by a jury.  The provisions of the statute relative to eminent domain in cities of the first class prescribe the procedure.  See Bal. Code, §§ 776 *et seq.*  It seems, however, from the admissions contained in the briefs in this case, that the proposed improvement has probably been finished since the commencement of the action.  But we have seen that the facts stated in the complaint, under the authority of *State ex rel. Smith v. Superior Court, supra,* entitle appellants to an injunction until the damages of appellants are first ascertained and paid, before the improvement can proceed.  The order sustaining the demurrer as to Armour & Company is approved, and that part in regard to the city respondent overruled, with leave to the city to answer.  Apparently the complaint shows facts which may make appropriate procedure similar to that granted in the case of *Yakima Water, Light & Power Co. v. Hathaway,* 18 Wash. 377 (51 Pac. 471), and *New Whatcom v. Fairhaven Land Co.,* 24 Wash. 513 (64 Pac. 735, 54 L. R. A. 190).

The judgment is reversed, and the cause remanded for further proceedings in accord with this decision.

Dunbar, Fullerton, Hadley, White, Anders and Mount, JJ., concur.