[No. 4419.    Decided January 10, 1903.]

MARTIN OLSON et ux., *Respondents,* v. CITY OF SEATTLE, *Appellant.*

INJUNCTION — TRESPASS UPON LANDS — INTEREST OF PLAINTIFF.

One who has paid a substantial portion of the purchase price for real property held by him under contract of purchase has such an interest in the land as will entitle him to maintain injunction, where the public authorities seek to take the same for a public use without first making compensation therefor.

SAME — VARIANCE — AMENDMENT OF PLEADING ON APPEAL.

In an action to enjoin the appropriation of land for a public use, although the complaint alleged ownership in fee and the proof showed less than a fee simple title, the complaint will on appeal be treated as amended to correspond to the proofs, where no objection was raised to the variance on the trial.

SALE OF LAND ACCORDING TO SURVEY — VARIANCE IN PLAT — EFFECT.

Where there is a discrepancy between a survey and a plat of lands, the survey controls when it can be ascertained; and one who purchases with reference to the monuments and boundaries acquires title regardless of the lines shown by a recorded plat.

Appeal from Superior Court, King County.—Hon. GEORGE MEADE EMORY, Judge.    Affirmed.

*Mitchell Gilliam* and *William Parmerlee,* for appellant.

*S. S. Langland,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—In March, 1888, Harry White and his wife, Anna, being then the owners in fee of certain real property situated in King county, platted the same into lots, blocks, streets and alleys, and caused a plat thereof to be made out and duly recorded in the auditor's office of King county, under the name of the "Second Motor Line Addition to the City of Seattle."    Prior to the filing

of the plat the land was regularly surveyed, and the several lots, blocks, streets and alleys into which it was divided were marked upon the ground by posts or stakes driven at the several corners thereof.    Certain of these lots, among which were the lots in question in this action, as actually surveyed and marked on the ground, did not conform to the recorded plat; that is to say, the lots in question, as actually surveyed, extended thirty feet farther west than the recorded plat showed them to extend, taking up that much of a street appearing upon the plat under the name of "Fremont Avenue."    No part of the lots as surveyed were ever opened to the public as a street, nor recognized by the persons making the plat as part of the street. The makers of the plat, on the contrary, maintained exclusive possession of the lots as surveyed and marked on the ground until they parted with such possession to their grantees, and such grantees and their successors in interest have maintained a similar possession ever since.    At the time the land was platted, it was outside of the city limits of the city of Seattle, but in 1895 the city's boundaries were extended so as to include the property.    In early part of the year 1902 the corporate authorities of the city ordered Fremont avenue to be graded and otherwise improved according to certain plans prepared by the city engineer.    These plans were made on the assumption that the street was as it appeared upon the recorded plat, and the contemplated improvements required the opening of the street to the full width shown upon such plat.    A contract for that purpose was let to the defendant George Cessna.    The contractor entered upon the performance of the work and proceeded therewith until he reached the lots in question, and was proceeding to tear down the respondents' fence, and to enter upon so much of the lots as

the recorded plat showed to be in the street, when this action was instituted against him to enjoin him from so doing. The city of Seattle was made a party defendant to the action, under proper averments, and alone defended. The trial resulted in a finding that the respondents were the owners of the lots as actually surveyed, and marked upon the ground, and in a judgment enjoining the defendants from interfering therewith until condemnation proceedings were had, and the damages of the respondents ascertained and paid or tendered. The city appeals.

In their complaint the respondents alleged that they were the owners in fee of the property. Their proofs showed that at the commencement of the action they were in the exclusive possession of the property, holding under contracts of purchase on which they had paid substantially all of the purchase price; that prior to the trial the purchase price necessary to entitle them to deeds had been fully paid as to all of the property; that for two of the four lots in question the deed had actually been delivered, and for the other two there was simply a delay in its transmission. The appellant questions the right of the respondents to maintain an action of injunction upon this showing, contending: First,—that they have no such interest in the property as entitles them to maintain an action of injunction; and, second, that there is a fatal variance between their pleading and proofs. As to the first objection, we think there can be no question as to right of respondent to maintain the action. The right of possession alone of real property is a sufficient interest therein to enable a person having such right to invoke the remedies provided by law against a trespasser thereon; and one holding real property under contract of purchase with the owner, and who has paid a substantial portion of the purchase price,

has such an interest therein as will entitle him to compensation before the property can be taken or damaged for a public use.   His right to compensation is not affected by the fact that his interest is less than the whole, so long as it is substantial, and the taking of the property affects that interest.   That injunction is the proper remedy in a case where the public authorities seek to take private property for a public use without first making compensation therefor was determined in this court in *Brown v. Seattle,* 5 Wash. 35 (31 Pac. 313, 18 L. R. A. 161), and has been followed in practice ever since.   See *State ex rel. Smith v. Superior Court,* 26 Wash. 278 (66 Pac. 385); *Seattle Transfer Co. v. Seattle,* 27 Wash. 520 (68 Pac. 90). There is nothing in the case of *Colby v. Spokane,* 12 Wash. 690 (42 Pac. 112), that is contrary to this principle.   The court there was discussing the sufficiency of the evidence to establish ownership, and not the character of ownership necessary to maintain the action.   As to the second objection, it may be that the respondents were not entitled to prove the interest shown under an allegation of ownership in fee, and that there was a variance between the pleadings and proof.   It is not, however, fatal to their right of recovery.   Had the question been raised and sustained in the court below, the respondents would have been entitled to amend so as to make their complaint correspond with their proofs, but the question was tried as if there was no variance.   This court will therefore treat the complaint as amended, and determine the respondents' rights upon the facts proven.

The appellant assumes that, where there is a lack of uniformity between the survey as actually made upon the ground and the recorded plat of such survey, the plat, and not the actual survey, controls, and hence in this case that

the respondents' title must depend upon adverse possession; and a large space in its brief is devoted to an argument tending to show that title to a street or alley dedicated to public use cannot be acquired by adverse possession. But the rule is not as the appellant assumes it to be. Where there is a discrepancy between the survey and the plat, the survey controls, when it can be ascertained, and the proof here is overwhelming that the boundaries of the lots as claimed by and in possession of the respondents are in exact accord with the original survey. The intention of one who has platted land into lots and blocks is indicated by the monuments which he has caused to be placed, marking the boundaries of the same, and another has a right to purchase from him with reference thereto, and such monuments and boundaries cannot be changed by showing that they do not conform to a plat on file. Lots in cities and towns are not held by such a precarious tenure. *Root v. Town of Cincinnati,* 87 Iowa, 203 (54 N. W. 206); *Racine v. J. I. Case Plow Co.,* 56 Wis. 539 (14 N. W. 599); *Holst v. Streitz,* 16 Neb. 249 (20 N. W. 307); *Burke v. McCowen,* 115 Cal. 481 (47 Pac. 367); *Fleischfresser v. Schmidt,* 41 Wis. 223.

This view of the case renders it unnecessary to discuss the question of adverse possession.

The judgment appealed from is affirmed.

REAVIS, C. J., and DUNBAR, ANDERS and MOUNT, JJ., concur.