[No. 19453. Department Two. April 22, 1926.]

CHARLES T. SUTER et al., Appellants, v. HELEN M. CAMPBELL et al., Respondents.[1]

[1] BOUNDARIES (13) — ASCERTAINMENT AND ESTABLISHMENT — EVIDENCE—SUFFICIENCY. In ejectment, evidence that a survey of a disputed boundary started from city monuments placed some years subsequent to the platting of the addition is not sufficient to establish the true location of the boundary, in the absence. of evidence that the city monuments coincided with the original platting.

Appeal from a judgment of the superior court for King county, Mills, J., entered June 25, 1925, in favor of defendants, dismissing on the merits an action in ejectment, tried to the court. Affirmed.

*Arthur H. Hutchinson,* for appellants.

*A. A. Booth,* for respondents.

MAIN, J.—This was an action in ejectment and for damages. The cause came on for trial before the court

¹Reported in 245 Pac. 29.

without a jury, and at the conclusion of the plaintiffs' case, upon motion, a judgment of dismissal was entered. From this judgment the plaintiffs appeal.

On February 21, 1922, and for some years prior thereto, one Herman Neubert was the owner of lots 4, 5 and 8 in block 130, Maynard's Lake Washington Addition to the city of Seattle. On this day he contracted to sell lot 8 and the east sixty feet of lot 5, in the block and addition mentioned, to the appellant. The line between lots 8 and 4 was not marked upon the ground. It was understood between the parties that Neubert, who claimed to know the true line between, should locate the same and erect a concrete wall thereon. This he did, and after the wall had been erected and on July 7, 1922, Neubert by warranty deed conveyed lot 8 and the east sixty feet of lot 5 to the appellant. On lot 4, which was immediately to the north of lot 8, there was a dwelling house. In January, 1925, the appellant brought this action claiming that the wall was not upon the true lot line, but was approximately two feet south thereof and thereby encroached upon lot 8, and that the eaves of the house on lot 4 extended over the dividing line between the lots a distance of approximately one and one-half feet at the southwest corner and a less distance at the southeast corner. Subsequent to the transfer to the appellant, and prior to the time when the action was brought, Neubert sold and conveyed lot 4 to the respondents.

Upon the trial, an engineer, who had made a survey at the instance of the appellant, testified that the concrete wall was not on the dividing line between the two lots, but was approximately two feet south thereof, and that the eaves of the house on lot 4 extended over the true lot line, but not over the concrete wall. The engineer testified that, in making his survey, he started

from the monuments set by what is referred to as the, city survey of the year 1910. Maynard's Lake Washington Addition had been platted some years prior thereto. There is no showing that the monuments, placed on the ground at the time this plat was made and filed, coincided with those of the city survey, which was the basis upon which the engineer made the survey and reached the conclusion that the concrete wall was not upon the dividing line between the two lots. In the absence of a showing that the monuments set at the time the addition was platted coincide with those set by the city subsequently, the evidence does not show that the concrete wall was not upon the true line. The property is described in the conveyance, after stating the lots and block, as being in "Maynard's Lake Washington Addition to the city of Seattle, according to plat thereof recorded in Volume 2 of Plats, page 33, records of said county." In *Olson v. Seattle*, 30 Wash. 687, 71 Pac. 201, it was said:

"The intention of one who has platted land into lots and blocks is indicated by the monuments which he has caused to be placed, marking the boundaries of the same, and another has a right to purchase from him with reference thereto, and such monuments and boundaries cannot be changed by showing that they do not conform to a plat on file. Lots in cities and towns are not held by such a precarious tenure."    . . .

In *Flynn v. Glenny*, 51 Mich. 580, 17 N. W. 65, it is said:

"But we have no evidence that the monuments were planted when the platting was done; we are only told that they are monuments which are generally accepted and relied upon. In the absence of any evidence of the time when or the person by whom they were located, it is quite as supposable that there may have been an error in locating Front street when the monuments were planted, as that there was an error in locating

Fourth street when the lots upon it were purchased and taken possession of. It is pure assumption that there must necessarily be an error on Fourth street because the line as located does not conform to the line as it should be measuring from the actual location of Front street.''

Whether the evidence brings the case within the rule that the location of a dividing line between two lots by a common grantor is binding upon the grantees, it is not necessary here to determine.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.