MANUEL SOSA LÓPEZ, Petitioner and Appellant, *v.* DISTRICT COURT OF SAN JUAN, Respondent and Appellee.

No. 6514. Argued December 1, 1933.—Decided March 8, 1934.

·R. *Martínez Nadal* and *E. Martínez Rivera* for appellant. *J. Henri Brown, C. Ruiz Nazario, G. E. González,* and *G. Benítez Gautier* for plaintiff in the main action.

Mr. Chief Justice Del Toro delivered the opinion of the court.

In an injunction proceeding brought before the District Court of San Juan by the Eneglotaria Medicine Co. against Manuel Sosa López, the court refused to issue the preliminary writ prayed for. The plaintiff appealed to this Supreme Court, which reversed the order appealed from. 38 P.R.R. 542. The opinion of this court was delivered by Mr. Justice Wolf and in it all the questions involved were carefully considered. Two of its paragraphs, one appearing on page 550 and the other, the last, on page 555, read thus:

"Furthermore, we are satisfied from the evidence of the complainant, from the proceedings in the Federal Court, from the proceedings in the office of the Executive Secretary of Porto Rico, and significantly also from the testimony and conduct of the defendant on the witness stand, that the defendant set out deliberately to imitate the product of the complainant. The proceedings in the Federal Court showed that the original label of the defendant was then much more like that of the complainant, and hence the injunction and contempt proceedings that took place there. The proceedings in the Federal Court are strong proof of the intention of the defendant to imitate the product of the complainant. Whether or not the defendant entered into this competition because he was advised that he had a right to do so would make no difference. The present counsel for the defendant-appellee, as pointed out by him, did not originally represent defendant in the earlier stages of the competition.

"* * * * * * *

"We feel bound to hold, therefore, that the defendant has been guilty of unfair competition in trade and the complainant is entitled to a preliminary injunction, more or less subject to the discretion of the court, in the form of the original restraining order issued in this case. The order appealed from will be reversed, the defendant enjoined upon the proper giving of a bond to be determined by the

court below, and the case will be sent back for further proceedings not inconsistent with this opinion.''

The case was remanded to the district court of its origin and thereupon that court issued the preliminary injunction prayed for, conditioned upon the giving of a bond in the sum of $6,000. The bond was furnished and on August 16, 1928, the writ was served on the defendant.

On the 13th of the following December, the plaintiff moved that the suit be included in the calendar and that the trial be set, and on January 5, 1929, the defendant requested a continuance of the hearing which had been set for the 10th. Plaintiff again requested the setting of the case on several occasions. The first time it was continued because the day set was a holiday; the second, by stipulation of the parties; the third, at the request of the attorney for the defendant; the fourth, also at the request of counsel for the defendant; and the fifth, by stipulation of counsel for both parties because the defendant was absent. Then follow two motions presented by counsel for the defendant requesting the inclusion of the case in the calendar, but the ruling thereon does not appear. At this stage of the case, on January 19, 1933, the attorney for the defendant was changed. On January 27, 1933, the clerk of the court notified the attorneys for the parties that the trial of the case had been set for the 13th of the following February. The defendant by his new attorney filed on February 4, 1933, an answer to the complaint and, two days later, a supplemental answer. Why the hearing was not held on February 13, does not appear. The case was set again for the 8th of the following March, but the hearing was not held on that date, and the record does not disclose the reason therefor. On April 6, the plaintiff requested that the new setting be set aside until certain preliminary questions of law raised by it were heard and decided. The defendant objected. The court heard the attorneys on said questions and finally decided them in favor of the plaintiff on May 15, 1933. The defendant filed his amended answer on May 24.

On the same day the plaintiff moved for judgment on the pleadings and its motion was denied the following June.

It was at that stage of the proceeding that the defendant presented a motion praying the court that the plaintiff be ordered to give an additional bond in the sum of $50,000. The court heard both parties, weighed the evidence adduced, and on June 20, 1933, denied the motion requesting the increase of the undertaking.

The defendant moved for a reconsideration which was denied and thereupon he brought this certiorari proceeding before Mr. Justice Córdova Dávila, acting in vacation.

The writ was issued and, after both parties were heard, the writ was discharged by an order of October 7th last, from which an appeal was taken by the petitioner to the Court *in banc*.

We agree with the petitioner and appellant that the undertaking in cases of injunction is something essential and of real importance. Apart from the exceptions provided by law, the issuance of the writ must be conditioned upon the giving of a bond. Injunction Act of 1906. Code of Civil Procedure, 1933 ed., p. 277.

We also agree with the petitioner and appellant that when it is shown in a clear manner that the bond given is insufficient, the same should be increased in order to give compliance to the real spirit of the law which is no other than to secure the payment of the damages that the issuance of the writ might cause to the defendant.

But we are not in accord with petitioner's contention that we should order the district court to decree the giving of the new bond sought by him.

The determination of the probable damages to be paid and consequently the fixing of the amount of the bond, is within the sound discretion of the trial court, and in order to justify the intervention of this court, a clear abuse of discretion would have to be shown.

There had been no such showing, in our opinion. The court heard the parties, weighed the evidence, could take and perhaps did take into consideration the evidence previously adduced which led the Supreme Court to decide that the issuance of the preliminary injunction lay, and held that the bonds already given, in the sums of $1,000 and $6,000, were still sufficient. It was not bound to accept that the damages which might be caused to the defendant were those alleged by him. It might have weighed defendant's statements and perhaps considered them cautiously, taking into consideration what had already occurred in the suit.

The petitioner has laid much emphasis on the delay of the suit, which he attributes to the plaintiff and regards as a circumstance demanding the increase of the undertaking. That is why we have briefly referred to the settings made of the case. As appears from the record, if any party is guilty of the delay, it is not the plaintiff but really the defendant himself, petitioner and appellant herein.

It seems advisable to quote from the decision of the Supreme Court of Washington, in the case of *Swope* v. *City of Seattle*, 76 Pac. 517, the following excerpts:

"Upon the showing made by the plaintiffs—and which was certainly sufficient—the judge to whom the application was made issued the temporary restraining order above mentioned, and fixed the bond to be given by plaintiffs at a sum deemed by him proper and reasonable under the circumstances. That injunction is a proper remedy in cases of this character has uniformly been held by this court. See *Brown* v. *Seattle*, 5 Wash. 35, 31 Pac. 313, 32 Pac. 214, 18 L.R.A. 161; *Olson* v. *Seattle*, 30 Wash. 687, 71 Pac. 201, and cases cited. In *Brown* v. *Seattle*, supra, this court, after a careful consideration of the constitutional provision above quoted, and the decisions of other courts based upon similar provisions, announced the doctrine that damages are recoverable from a city by the owner of land abutting upon a street for any permanent injury inflicted upon such land by any material change of grade or obstruction to the abutter's access to the street, when the damages thus inflicted exceed the benefits derived from the grading or other improvement, and that when the

proposed grading of a street will seriously depreciate the value of abutting property the grading may be enjoined until the damages be ascertained and compensation made or paid into court for the owner. And the rule there laid down, as was said in *Olson* v. *Seattle,* 30 Wash. 687, 71 Pac. 201, 'has been followed in practice ever since.' See, also, *State ex rel. Smith* v. *Superior Court,* 26 Wash. 278, 66 Pac. 385, wherein the question now under consideration was elaborately discussed. But while it is clear that an owner of property abutting upon a street may, by injunction, prevent a municipality from damaging the same, without first making compensation therefor, by materially changing the grade of the street in front thereof, it is equally clear that one who invokes the remedy of injunction and asks for an injunction or restraining order pendente lite must comply with the statute requiring the execution of a bond to the adverse party. Ballinger's Codes & St. par. 5438. When a statute requires the giving of a bond as a condition precedent to the granting of an injunction or restraining order, the court has not the power to disregard such statute and dispense with the bond. 2 High on Injunctions (3d Ed.) par. 1620; 1 Spelling on Injunctions, etc. (2d Ed.) par. 935. See also, *Keeler* v. *White,* 10 Wash. 420, 38 Pac. 1134; *Cherry & Parkes* v. *Western, etc., Co.,* 11 Wash. 586, 40 Pac. 136. But where the bond given for obtaining a preliminary injunction is shown to be insufficient, a new bond may be required in a proper case as a condition precedent to continuing such injunction to trial. 2 High on Injunctions (3d Ed.) par. 1626; 1 Spelling on Injunctions (2d Ed.) par. 941. No new bond, however, should be ordered in such cases unless good reason be shown why the bond already given is insufficient. In injunctions and restraining orders the Legislature has confided the duty of fixing the amount of the bond to the court or judge granting the order (Ballinger's Codes & St. par. 5438), but this is a legal, and not an arbitrary, discretion, and, in the language of the Supreme Court of Louisiana, 'in case of abuse and denial of justice by unreasonable and oppressive requirements, we should not hesitate to extend relief.' *Bell* v. *Riggs,* 37 La. Ann. 813.

"The only question, therefore, for determination in the case at bar is whether the superior court, upon the showing made by the defendants Stanley & Co., was justified, in the exercise of the discretion vested in it by law, in ordering the plaintiffs to execute a new bond and in annulling and setting aside the bond originally required by the court and given by the plaintiffs. Assuming that the

allegations of the complaint are true, it clearly appears that the city, by its agents and servants, was inflicting great injury and damage upon the plaintiffs' premises, in direct contravention of one of the plain and mandatory provisions of the Constitution. And, it thus appearing that the plaintiffs' rights were clear and that such rights were being illegally invaded by the defendants, the court, in the absence of a statute requiring the giving of a bond, would have been fully warranted in issuing the restraining order without any security whatever from the plaintiffs.

"* * * * * * *

"Upon the showing made before him, we are constrained to conclude that the learned judge of the court below was not warranted, either in requiring the plaintiffs to execute the new bond designated in his order, or in setting aside the bond theretofore given by the plaintiffs in compliance with the previous order of the court."

For the reasons stated, the appeal must be dismissed and the order appealed from affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.