Manuel Sosa López, peticionario y apelante, *v.* La Corte de Distrito de San Juan, Hon. C. Llauger Díaz, demandada y apelada.

No. 6514.—*Sometido:* Diciembre 1, 1933. *Resuelto:* Marzo 8, 1934.

---

\* Nota: Véase el prefacio.

*R. Martínez Nadal* y *E. Martínez Rivera,* abogados del apelante; *J. Henri Brown, C. Ruiz Nazario, G. E. González* y *G. Benítez Gautier,* abogados de la demandante en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En un procedimiento de *injunction* seguido en la Corte de Distrito de San Juan por la Eneglotaria Medicine Co. contra Manuel Sosa López, la corte rehusó expedir el auto preliminar solicitado. Apeló la demandante para ante este Tribunal Supremo que revocó la resolución recurrida. 38 D.P.R. 604. La opinión de esta corte fué emitida por el Juez Asociado Sr. Wolf y en ella se estudian cuidadosamente todas las cuestiones envueltas. Dos de sus párrafos, uno que aparece a la página 614 y otro, el último, a la página 619, dicen:

"Además, estamos convencidos por la prueba de la demandante, por los procedimientos en la Corte Federal, por los procedimientos en la Secretaría Ejecutiva de Puerto Rico, y significativamente también por la declaración y la conducta del demandado en la silla testifical, que el demandado se propuso deliberadamente imitar el producto de la demandante. Los procedimientos habidos en la Corte Federal demuestran que el rótulo original del demandado era entonces mucho más parecido al usado por la demandante, y de ahí que tuvieran lugar en dicha corte los procedimientos de injunction y de desacato. Esos procedimientos en la Corte Federal son prueba robusta de la intención del demandado de imitar el producto de la demandante. No importa que el demandado entrara en esta competencia por haber sido o no aconsejado que tenía derecho a hacerlo así. El letrado que representa actualmente al demandado y apelado, según él mismo indicó, no lo representó en las primeras etapas de la competencia.

     \*     \*     \*     \*     \*     \*     \*

"Nos sentimos obligados, por tanto, a resolver que el demandado es culpable de competencia ilegal en el comercio, y que la demandante tiene derecho a un *injunction* preliminar más o menos sujeto a la discreción de la corte, en la forma de la orden de entredicho ori-

ginalmente dictada en este caso. Debe revocarse la resolución apelada, librarse un auto de *injunction* preliminar contra el demandado mediante la prestación de una fianza adecuada que deberá ser fijada por la corte inferior, y devolverse el caso para ulteriores procedimientos no incompatibles con esta opinión.''

Volvió el caso a la corte de distrito de su origen que decretó entonces el *injunction* preliminar solicitado mediante la prestación de una fianza de seis mil dólares. La fianza se prestó y el 16 de agosto de 1928 quedó diligenciado el mandamiento en la persona del demandado.

El 13 de diciembre siguiente la demandante pidió que el pleito se incluyera en el calendario y se señalara para juicio y en enero 5, 1929, el demandado solicitó la suspensión de la vista que se había señalado para el 10. Volvió la demandante a pedir el señalamiento del juicio varias veces. La primera se suspendió por ser festivo el día que se había señalado, la segunda por estipulación de ambas partes, la tercera a petición del abogado del demandado, la cuarta también a petición del abogado del demandado, la quinta por estipulación de los abogados de ambas partes debido a encontrarse ausente el demandado. Siguen dos peticiones de inclusión en el calendario hechas por el abogado del demandado sin que conste lo que se resolviera sobre ellas. Así las cosas, tuvo lugar un cambio de abogado de la parte demandada en enero 19, 1933. El secretario de la corte en enero 27, 1933, notificó a los abogados de las partes que se había señalado el juicio para febrero 13 siguiente. En febrero 4, 1933, el demandado por su nuevo abogado radicó una contestación a la demanda y dos días después una contestación complementaria. No consta por qué no se celebró el juicio el 13 de febrero. Volvió a señalarse para el 8 de marzo siguiente, sin que se celebrara no constando por qué. En abril 6 la demandante pidió que se dejara sin efecto el nuevo señalamiento hasta que se vieran y resolvieran ciertas cuestiones previas de derecho por ella suscitadas. Se opuso el

demandado. La corte oyó a los abogados sobre dichas cues-tiones resolviéndolas finalmente en favor de la demandante en mayo 15, 1933. Archivó el demandado su contestación enmendada en mayo 24. En ese mismo día la demandante pidió que se dictara sentencia sobre las alegaciones, petición que fué declarada sin lugar en junio siguiente.

En tal estado el procedimiento fué que se presentó por el demandado la moción pidiendo a la corte que ordenara a la demandante la prestación de una fianza adicional por cin-cuenta mil dólares. Oyó la corte a ambas partes, pesó la prueba que aportaron y decidió en junio 20, 1933, no haber lugar a la ampliación solicitada.

Solicitó reconsideración el demandado. Le fué negada y entonces acudió por medio de este procedimiento de certio-rari al Juez Asociado de esta Corte Suprema, Sr. Córdova Dávila que se encontraba en funciones de turno.

Expidió el juez el auto, y oídas las partes interesadas, lo anuló por resolución de octubre 7 último de la que apeló el peticionario para ante el tribunal en pleno.

Estamos de acuerdo con el peticionario apelante en que la fianza en casos de *injunction* es algo esencial y de verdadera trascendencia. Fuera de las excepciones que la misma ley señala, debe exigirse por el juez como condición precedente al diligenciado del auto. Ley sobre *injunction* de 1906. Código de Enjuiciamiento Civil, pág. 276, Ed. 1933.

También estamos de acuerdo con el peticionario apelante en que cuando se demuestra de modo evidente que la fianza prestada no es bastante, debe aumentarse a fin de que se cumpla el verdadero propósito de la ley que es la garantía del pago de los perjuicios que pueda causarse al demandado con la expedición del auto.

En lo que no estamos conformes con el peticionario es en que esta corte deba ordenar a la corte de distrito que a su vez ordene la prestación de la nueva fianza que el peti-cionario solicita.

La apreciación de los probables perjuicios a compensar y en su consecuencia la fijación de la cuantía de la fianza, corresponde a la sana discreción de la corte sentenciadora, y tendría que demostrarse un claro abuso de esa discreción para que esta corte pudiera intervenir.

Tal demostración no se ha hecho en forma alguna a nuestro juicio. La corte oyó a las partes, apreció la prueba, pudo tomar y quizá tomó en consideración la anteriormente aportada que llevó a la Corte Suprema a decidir que procedía la expedición del *injunction* preliminar, y resolvió que las fianzas de mil y seis mil dólares ya prestadas eran aún suficientes. No estaba obligada a aceptar que los perjuicios que pudieran causarse al demandado fueran los alegados por éste. Pudo someter sus manifestaciones al crisol de su juicio y aun apreciarlas con cautela atendido el resultado de lo ya ocurrido en el pleito.

Se ha argumentado mucho por el peticionario sobre la dilación del litigio imputándola a la parte demandante y presentándola como una circunstancia más que exige el aumento de la fianza. De ahí que rápidamente nos refiriéramos a los señalamientos del juicio. De acuerdo con los autos si alguien resulta culpable de la dilación no es la demandante sino en verdad la propia parte demandada, o sea el peticionario apelante.

Parece conveniente citar lo que sigue de la decisión de la Corte Suprema de Washington en el caso de *Swope* v. *City of Seattle,* 76 Pac. 517. Es así:

"Con vista de la prueba presentada por los demandantes que ciertamente era suficiente, el juez ante quien se presentó la solicitud expidió el interdicto prohibitorio provisional arriba mencionado, y fijó la fianza que debían prestar los demandantes en una suma que consideró adecuada y razonable de acuerdo con las circunstancias. Que el auto de *injunction* es un remedio adecuado en casos de esta naturaleza ha sido resuelto uniformemente por esta corte. Véase Brown v. Seattle, 5 Wash. 35, 31 Pac. 313, 32 Pac. 214, 18 L.R.A. 161; Olson v. Seattle, 30 Wash. 687, 71 Pac. 201, y casos citados.

En Brown v. Seattle, supra, esta corte después de considerar cuidadosamente la disposición constitucional arriba citada, y las decisiones de otras cortes basadas en disposiciones similares, expuso la doctrina de que el dueño de terrenos contiguos a una calle puede obtener indemnización de la ciudad por cualesquiera daños y perjuicios sufridos por tales terrenos debido a cualquier alteración material de la nivelación de la calle o por cualquier destrucción ocasionada al acceso que el dueño del terreno adyacente tenía a la calle, cuando los daños así ocasionados exceden de los beneficios recibidos al nivelarse la calle o al hacerse cualquier otra mejora y que cuando la nivelación que se intenta hacer de la calle deprecia seriamente el valor de las propiedades adyacentes, puede impedirse que se haga tal nivelación hasta que se determinen los daños y perjuicios y hasta que se haga la compensación o se deposite en corte su importe. Y la regla allí establecida, según se dijo en Olson v. Seattle, 30 Wash. 687, 71 Pac. 201, 'ha sido seguida en la práctica desde entonces.' Véase, también, State Ex rel Smith v. Superior Court, 26 Wash. 278, 66 Pac. 385, en que se discutió elaboradamente la cuestión que ahora tenemos bajo nuestra consideración. Mas aunque es claro que el dueño de terrenos contiguos a una calle puede mediante *injunction* impedir que un municipio ocasione daños a la misma sin que antes pague por ello la debida compensación alterando materialmente la nivelación de la calle frente a dicha propiedad, es igualmente claro que la persona que invoque el remedio de injunction y solicite un injunction o un interdicto prohibitorio pendente lite debe dar cumplimiento al estatuto que exige la prestación de una fianza a favor de la parte contraria. Ballinger's Codes & St. 5438. Cuando un estatuto exige la prestación de una fianza como condición precedente a la expedición de un injunction o interdicto prohibitorio, la corte no tiene facultad para hacer caso omiso de tal estatuto y eximir al peticionario de la prestación de la fianza. 2 High on Injunctions (3ª. ed.) 1620; 1 Spelling on Injunctions, etc. (2ª. ed.) 935. Véase también, Keeler v. White, 10 Wash. 420, 38 Pac. 1134; Cherry & Parkers v. Western, etc., Co., 11 Wash. 586, 40 Pac. 136. Pero cuando se demuestra que la fianza prestada con el objeto de obtener un injunction preliminar es insuficiente, puede exigirse en un caso adecuado una nueva fianza como condición precedente para continuar tal recurso de injunction hasta juicio. 2 High on Injunctions (3ª. ed.) 1626; 1 Spelling on Injunctions (2ª. ed.) 941. Sin embargo, no debe ordenarse la prestación de una nueva fianza en tales casos a menos que se pruebe que existen buenas razones para demos-

trar por qué la fianza ya prestada es insuficiente. En recursos de injunction y en interdictos prohibitorios la legislatura ha impuesto al juez o a la corte que autoriza la orden del deber de fijar la cuantía de la fianza (Ballinger's Codes & St. 5438) mas ésta es una discreción legal y no una discreción arbitraria y de conformidad con el lenguaje usado por la Corte Suprema de Louisiana, 'en caso de que haya un abuso o se cometa una injusticia exigiéndose requisitos irrazonables y opresivos, no vacilaremos en conceder el remedio.' Bell v. Riggs, 37 La. Ann. 813.

"Por ende la única cuestión a determinarse en el presente caso es si la Corte Superior, con la prueba aducida por los demandados Stanley & Co., estaba justificada, en ejercicio de la discreción conferídale por la ley, para ordenar a las demandadas que prestaran una nueva fianza y para anular y dejar sin efecto la fianza originalmente exigida por la corte y prestada por los demandantes. Asumiendo que las alegaciones de la demanda son ciertas, se desprende claramente que la ciudad por mediación de sus agentes y empleados ocasionaba considerables daños y perjuicios a la propiedad de los demandantes, en contravención directa con una de las disposiciones claras y terminantes de la constitución. Y, apareciendo que el derecho de los demandantes era claro y que el mismo estaba siendo ilegalmente invadido por los demandados, la corte, en ausencia de un estatuto que exija la prestación de una fianza, hubiese estado plenamente justificada para expedir el interdicto prohibitorio sin que los demandantes tuvieran necesidad de prestar fianza alguna.

. . . . . . . . . . .

Vista la prueba presentada nos sentimos obligados a llegar a la conclusión de que el distinguido juez de la corte inferior no estuvo justificado para exigir de los demandantes que prestaran la nueva fianza especificada en su orden, ni para dejar sin efecto la fianza anteriormente prestada por los demandantes, en cumplimiento de la orden anterior de la corte."

*Por virtud de todo lo expuesto debe declararse no haber lugar al recurso y confirmarse la resolución apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.