## LAMPE vs. KENNEDY and others.

*May 17 — June 23, 1880.*

EVIDENCE *as to boundaries, in ejectment.*

1. The former decision in this case (45 Wis., 23), that the plat of a quarter-section of land made for all the persons then claiming portions of said quarter-section, and recognized by them as showing correctly their several portions, and intended by them to be used, and actually used, as a guide in the deeding of the lands to them respectively, is competent evidence

Lampe vs. Kennedy and others.

in construing the deeds, and controlling evidence in the absence of original monuments still upon the land — adhered to.

2. If a corner stake referred to in the original deeds of the land could be found, or the place where it stood established, it would control, as against distances marked on the plat.

APPEAL from the Circuit Court for *Iowa* County.

On a previous appeal in this case, a judgment in favor of the defendants was reversed, and the cause remitted for a new trial. See 45 Wis., 23–30. On the second trial, plaintiff had a verdict and judgment, and the defendants appealed.

A reference to the statement of the case made in the report of the former decision will sufficiently explain the opinion on the present appeal.

For the appellant there was a brief by *Lanyon & Spensley* and *M. J. Briggs*, and oral argument by *Mr. Spensley* and *Mr. Briggs*.

For the respondent there were separate briefs by *J. P. Smelker*, his attorney, and *Wm. E. Carter*, of counsel, and oral argument by *Mr. Carter*.

COLE, J. The first error assigned for a reversal of the judgment is the ruling of the court below in admitting in evidence the plat marked Exhibit A. When this case was here on a former appeal (45 Wis., 23), we said in reference to this plat: "The plat of the quarter-section made by Major Legate in June, 1847, was in evidence, and should have controlling weight in the construction of all deeds made by Goodsell under it. It appears that this plat, by common consent, was made the common muniment of title by all persons interested in the land, and was intended as a guide to Goodsell in making his deeds. Under these circumstances the plat would seem to be the best evidence upon all questions of disputed boundary."

This decision is surely an ample justification for the ruling of the court excepted to. The learned counsel for the defend-

ants suggest that these remarks as to the admissibility of the plat in evidence were mere *obiter*, and are not binding. This is a grave mistake on the part of counsel. On the first trial this plat was put in evidence by the plaintiff without objection, and notwithstanding this piece of evidence, together with the other testimony introduced on the trial on the part of the plaintiff, the circuit court directed the jury to find a verdict for the defendants. Of course, on the appeal in this court from that judgment, the question was, whether the plaintiff had introduced any evidence which tended to show, and from which the jury might find, that he was entitled to recover the strip of land in controversy. The consideration of that question necessarily called for a decision as to what effect should be given the plat and the other evidence. That was the precise question to be determined, on the appeal, in considering the correctness of the direction of the circuit court to the jury to find for the defendants; and if anything was settled on the appeal, it was that this plat was not only competent, but very weighty evidence on all questions of disputed boundary. And we will add that our opinion upon that point remains unchanged after all the argument which we have had assailing that view. We are really at a loss to know what counsel mean by the remark that they did not understand that this plat was offered in evidence on the first trial. If they will but refer to the printed case used on the former appeal, they will find it stated, on pages 4 and 5, that the plaintiff, among other things, introduced and read, without objection: "6. A plat of the S. E. ¼, 28, 7, 1 east, made by Charles F. Legate, district surveyor, on June 8, 9 and 10, 1847, for the proprietors of lots, a copy of which plat is hereto attached and marked Exhibit A." This statement in the bill of exceptions, we assume, was according to the fact. The objection that the plat was not sufficiently identified by the witness Goodsell as the original from which his deeds of the lots were made, seems to us too clearly untenable upon the testimony to require any comment.

In the deed from Goodsell to Bannan and others, under which the defendants claim, the lot is described as "commencing *at a stake* at the northwest corner of Rowell's lot," etc. There was some testimony on the second trial, and perhaps on the first, which tended to show that this stake could be found, or the place where it stood could be identified. If, in fact, the stake thus referred to in the deed could be found, or the exact spot where it stood could be established to the satisfaction of a jury, it would settle all dispute as to where the northwest corner of the plaintiff's lot was; for the stake would be an original monument, to which the distances marked on the west line of the quarter-section must yield. There is no controversy between counsel about that proposition of law, but they disagree as to whether there was any evidence which required that question to be submitted to a jury. In its charge the learned circuit court ignored all evidence tending to show where the stake, named in the deed as the northwest corner of the plaintiff's lot, stood, and made the verdict rest entirely on the survey of the west line of the quarter-section, as marked on the plat. We are inclined to hold that this was error. It would obviously be improper for us to express any opinion upon the weight of the testimony given which tended to show the place where the original stake, at the northwest corner of the plaintiff's lot, stood. We only say that we think there was testimony bearing upon that point which should have gone to the jury for what it was worth. An examination of the charge will show that the case is made to turn entirely upon the distances given by the survey of the west line of the quarter-section, as marked upon the plat, without regard to any other evidence. This is very apparent from the whole charge.

We have examined the other exceptions which were argued by counsel, but do not discover any error in them which would warrant a reversal of the judgment. But, for the reason already given, we think there must be a new trial.

*By the Court.*— It is so ordered.