Day, Respondent, vs. Egertsen and wife, Appellants.

*October 28—November 12, 1909.*

*Vendor and purchaser of land: Boundaries: Area: False representations: Rescission.*

1. In an action by the vendor for specific performance of a land contract, findings as to the true location of a quarter-post as established by the original government survey, and that the true boundaries of the tract sold were pointed out by the vendor to the vendee, are *held* to be sustained by the evidence.

2. A mere representation by description in a land contract that the land is half of a certain designated quarter-section cannot in an action for deceit or for rescission be held to be a representation that it contains eighty acres.

3. Designation of a tract of land in conversation between the vendor and vendee as "the east eighty" of a certain quarter-section was not in this case intended or understood as a representation of quantity or area, but was merely a short way of referring to the government subdivision.

APPEAL from a judgment of the circuit court for Rusk county: JOHN K. PARISH, Circuit Judge.  *Affirmed.*

*Charles Kirwan* and *Arthur E. Coe,* for the appellants, cited, among other cases, *Zunker v. Kuehn,* 113 Wis. 421, 88 N. W. 605; *Bird v. Kleiner,* 41 Wis. 134; *Beyer v. St. Paul F. & M. Ins. Co.* 112 Wis. 138, 88 N. W. 57; *Cotzhausen v. Simon,* 47 Wis. 103, 1 N. W. 473; *Castenholz v. Heller,* 82 Wis. 30, 51 N. W. 432; *Kaiser v. Nummerdor,* 120 Wis. 234, 97 N. W. 932; *Combs v. Scott,* 76 Wis. 662, 45 N. W. 532; *Park v. M., St. P. & S. S. M. R. Co.* 114 Wis. 347, 89. N. W. 532; *Ludington v. Patton,* 111 Wis. 208, 86 N. W. 571; *Gates v. Parmly,* 93 Wis. 294, 66 N. W. 253, 67 N. W. 739.

*W. H. Stafford* and *Glenn H. Williams,* for the respondent, cited, besides other authorities, *Bailey v. Costello,* 94 Wis. 87, 68 N. W. 663; *Ingersoll v. Seatoft,* 111 Wis. 461, 87 N. W. 460; *Rice v. Jerenson,* 54 Wis. 248, 11 N. W. 549; *Harrigan v. Gilchrist,* 121 Wis. 127, 99 N. W. 909; *Fleischfresser v. Schmidt,* 41 Wis. 223; *Neff v. Paddock,* 26 Wis. 546; *Gilman v. Brown,* 115 Wis. 1, 91 N. W. 227; *Standard Mfg. Co. v. Slot,* 121 Wis. 14, 98 N. W. 923; *Peterson v. Chase,* 115 Wis. 239, 91 N. W. 687; *Shawano v. Cayouette,* 134 Wis. 31, 114 N. W. 93; *My Laundry Co. v. Schmeling,* 129 Wis. 597, 109 N. W. 540.

TIMLIN, J.   This is a suit for specific performance brought by the vendor in a land contract against the vendee and wife. The land was described in the contract as the east half of the southwest quarter of section 35, town 35, range 8 west, and not otherwise.   This action was defended upon the ground, as stated in the answer and counterclaims, that the vendor falsely and fraudulently represented and pointed out certain fences as marking the east and the west boundary lines of the tract sold, when in truth such east and west boundary lines were each twenty-nine rods further east than the said fences

at the south end and about the same distance east of said fences at the north end of the tract in question.   The land which lies between the true western boundary line of the land described in the land contract and the fence pointed out consists of about twenty-nine acres of good first-class cleared plow land, and the land which lies between the true eastern boundary line of the tract described in the land contract and the east fence is about twenty-nine acres of flat, swampy, and unim-

SECTION 35, TOWN 35, RANGE 8.

The above diagram is copied from that annexed to the findings of the trial court.   The quarter-post was found to have been established at the point A.   The eastern and western boundaries of the land in question are represented by the lines AD and BC.— Rep

proved land.    The first-mentioned twenty-nine acres is in the possession of William Topp, who claims by warranty deed under the plaintiff, and the second twenty-nine acres is held and claimed and inclosed by one John Tymon, who claims to be the owner thereof.

This defense, properly understood, avers no shortage in the quantity of land agreed to be conveyed.    If the west fence was twenty-nine rods west of the true west boundary and the east fence twenty-nine rods west of the true east boundary, the tract inclosed by the fences would be exactly equal in area to the tract inclosed by the true boundaries, although not identical in location on the ground, and of course, if the true boundary on the west is twenty-nine rods east of the west fence and the true boundary on the east is twenty-nine rods east of the east fence, the tract inclosed by the true boundaries is exactly equal to the tract inclosed by the fences.    No discrepancy in the north and south extension of the land is claimed.    Notwithstanding this, it seems to have been taken for granted at the trial that there was some difference in area between what the defendant considered the true boundaries and the tract inclosed by the fences.    The court found, among other things, "that plaintiff made no misrepresentations as to the quantity of land, that the boundary lines of said land were correctly represented to said defendant *Lavst S. J. Egertsen* by the plaintiff, and the east and west lines are substantially as indicated by the fences then on such sides, and the south quarter-post of said section was duly established where the original government survey located and established it upon the ground and as originally designated upon the ground by original landmarks of the survey and location of said quarter-post, and is at a point in the highway indicated by an iron peavy socket sunk in the ground near the center of the highway, southerly from the southeast corner of said fence, said fence and the southeast corner thereof being located near the northerly margin of said highway."

He annexed a diagram to his findings, representing the boundaries of the land in question by red lines lettered as

there indicated. This represents the land described in the land contract as subdivided agreeably to the south quarter-post of section 35, and it is conceded that the land thus described in the findings lacks about ten acres of the usual eighty-acre content.

From the foregoing it will be seen that the defendants were defeated because it was found that the true boundaries of the tract sold were pointed out or represented by the vendor; that is to say, conforming substantially to the fences then existing on the east and on the west sides. There is much evidence to support this finding of fact, and it is an inflexible rule of this court to refuse to disturb findings so made. It would serve no good purpose to discuss this evidence in detail. It is sufficient to say that witnesses were produced who professed to have seen and to know the location of the original government bearing trees for this south quarter-post, and from this they located the quarter-post as found by the court. The quarter-post as located by some former survey conforming in location to these bearing trees was also testified to. The location of this quarter-post determined the boundaries and content of the land in question. *Pickett v. Nelson,* 79 Wis. 9, 47 N. W. 936; *Lampe v. Kennedy,* 49 Wis. 601, 6 N. W. 311; *Vroman v. Dewey,* 23 Wis. 530. Of course it is possible that these witnesses might be mistaken or might be wrong, but the same weakness inheres in all oral testimony.

The defendant offered evidence tending to show that the quarter-post was placed, or was lost and should be re-established, at a different point, and if so established the representations of the plaintiff as to the boundaries of the tract in question would have been untrue. But the court found with the plaintiff, and that finding, supported by evidence, is conclusive upon us. The appellant contends further that it was represented by the plaintiff that the tract in question contained eighty acres of land, and that it is conceded and found that there were only about seventy acres in the tract. But no

such defense is pleaded.    It is contrary to the pleading of defendant.    A mere representation by description in a written instrument that the land is half of a certain designated quarter-section cannot in an action for deceit or for rescission be held to be a representation that it contains eighty acres of land.    It is well known by those familiar with government surveys that the contrary is often true.    Besides, the trial court found that, while this tract was designated in conversation between vendor and vendee as "the east eighty," this was not intended or understood as a representation of quantity or area, but as a mere short way of referring to the government subdivision.    We find no reversible error.

*By the Court.*—Judgment affirmed.