UNIVERSITY OF OUR LADY OF THE SACRED HEART, Respondent, vs. CITY OF WATERTOWN and others, Appellants.

*September 17—October 8, 1912.*

*Streets: Dedication: Plats of land: Approval: Record: Compliance with statute: Presumptions.*

1. In order to make a valid statutory dedication of land to public use, the statute must be substantially complied with.
2. Ch. 210, Laws of 1865, relating to the platting of lands in the city of Watertown, and prohibiting the recording of any plat until approved by the common council and a certified copy of the resolution of approval affixed in the manner therein provided, is mandatory; and a plat recorded without compliance therewith does not pass title to streets indicated thereon or show a statutory dedication to the public.
3. Compliance with said statute cannot be presumed where the record shows that the copy of the resolution of approval was not affixed to the plat.

APPEAL from a judgment of the circuit court for Jefferson county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

This action was brought to restrain defendant city of *Watertown* and its officers from taking possession of and using as a public street a strip of land 75 links wide and 11.37 chains long in the Third ward of the city of *Watertown.* One of the contentions of the plaintiff is that the strip of land in question was never dedicated to the public. The court below found that the plaintiff, the *University of Our Lady of the Sacred Heart,* at the times mentioned in the complaint was and still is a corporation duly created under and by virtue of the laws of Wisconsin, located and having its principal office at *Watertown,* Jefferson county, Wisconsin; that the defendant city of *Watertown* was and still is a municipal corporation organized and existing under the laws of Wisconsin; that the defendant *Herman G. Grube* is the duly elected, qualified, and acting mayor of said city; that defendants *Charles A. Kading, Frank S. Weber, Arnold Kraeft, John T. Ryan,* and *Gustav*

*Glaser* were at the times mentioned in the complaint and still are members of the board of public works of said city, and the defendant *Herman C. Block* and defendant *Gustav Glaser* were at the times mentioned in the complaint and still are respectively the chief of police and street commissioner of said city; that the plaintiff is the owner in fee and in possession of all of block one (1) and also the strip of land seventy-five links wide adjoining said block 1 on the west side thereof, said block 1 and strip of land seventy-five links wide together being bounded on the east by the Chicago & Northwestern Railway Company's right of way and depot grounds, on the west by the grounds of the *University of Our Lady of the Sacred Heart,* said block 1 and strip of land adjoining it on the west and other lands of the plaintiff being marked and designated on the map as plat of Gen. H. Bertram's addition to the city of *Watertown,* Third ward, situated on section five (5), township eight (8), range fifteen (15) east, N. ½ of N. E. fractional ¼, dated April 26, A. D. 1866, and recorded May 24, A. D. 1866, at 3 o'clock p. m., in the office of the register of deeds for Jefferson county, Wisconsin; that said strip of land seventy-five links wide above described, except as it adjoins other lands of plaintiff, is shut off from the thoroughfare on the north, known as West Main street, by a substantial fence; that the plaintiff acquired said premises as a location for a university for boys and since its acquirement has used and continues to use the same for such purposes; that the plaintiff is now and it and its grantors have been since April 26, 1866, in actual, open, and exclusive possession of said strip, and up to the present time said strip has never at any time been used for any public purpose whatever; that said block 1 and said strip of land constitute a part of the campus used and occupied by plaintiff in connection with the educational institution which it maintains in the city of *Watertown;* that the south end of said strip of land, with the exception of about six inches on the east thereof, abuts on lands

owned by the plaintiff in a plat of Hubbell's addition to the city of *Watertown,* which land immediately joins on the south with the lands owned by plaintiff in the Bertram plat; that said strip of land is not correctly represented on the map of out-lots as surveyed by J. Prentice in 1870; that there is nothing described and set forth in the plat of Gen. H. Bertram's addition, recorded April 26, 1866, giving a name to said strip, and that in all conveyances thereof it has been described as a strip of land seventy-five links wide adjoining block 1 on the west side of said block; that said plat was not approved or accepted by the common council of the city of *Watertown* and was not authorized to be recorded; that on May 31, 1869, a resolution was adopted by the common council of the said city directing the city marshal to open said strip of land for a street; that said resolution was referred to the committee on streets and bridges with direction to "ascertain the law and the facts in regard to same;" that said committee thereafter and on June 30, 1869, reported against the opening of "said street," adopting as its report to the council a communication of one Emil Rothe, then city attorney, which report was adopted by the common council; that at the time of the adoption of said resolution by the council and at all times thereafter the necessity for a street at the *locus in quo* plainly existed; that, although such necessity was at all times patent, no proceedings were had by the city with reference to the opening of said strip of land for public use until those which resulted in the bringing of this action; that subsequent to the adoption of said resolution plaintiff purchased the eleven-acre residence tract marked on said Bertram's plat and other land and erected its university buildings thereon, and at a still later date purchased from the then owners said seventy-five link strip and also all of block 1, and it has since used the same as a part of the university campus; that plaintiff and the public considered the action of the common council as final, and all the plaintiff's rights were acquired in re-

liance upon the finality of the determination thus made; that values and purchase prices were fixed and the very university founded and located with a view to the environments and local accommodations for the needs of such an institution; that it needed extensive play-grounds and it needed their separation in a degree from the publicity of public streets; that it purchased the particular strip in question as had its grantors before it, and the consideration was fixed, upon the assumption that there was no public easement upon the same; that the defendant *Herman G. Grube,* as mayor of said city, and the defendants *Charles A. Kading, Frank S. Weber, Arnold Kraeft, John T. Ryan,* and *Gustav Glaser,* acting as the board of public works of said city, did on the 3d day of June, A. D. 1911, against the protest of plaintiff duly made to said board of public works, by a resolution duly adopted at a meeting of said board, instruct the defendants *Herman C. Block* as chief of police, and *Gustav Glaser* as street commissioner, to enter upon the aforesaid strip of land owned by plaintiff and remove therefrom all fences and other obstructions, if any, on said strip and to place the same in suitable condition for use as a public street, without first having acquired any right or title thereto on behalf of the city of *Watertown* or its officers, or any leave or license to enter upon the same.

And the court concluded that the plaintiff is entitled to judgment perpetually enjoining and restraining the defendants and all persons acting under them or either of them from removing the fence separating the strip of land seventy-five links wide and adjoining block 1 on the entire west side thereof as marked on the map or plat of Gen. H. Bertram's addition to the city of *Watertown,* Third ward, situated in section five (5), township eight (8), range fifteen (15) east, north half of northeast fractional quarter, dated April 26, 1866, and recorded May 24, 1866, at 3 o'clock p. m., in volume 48, page 366, in the office of the register of deeds for Jefferson county, Wisconsin, from the main thoroughfare on the

north, and entering upon and taking possession of said strip of land for use as a public street without the damages therefor having been ascertained and paid or tendered; and that the plaintiff have and recover from the defendants the costs and disbursements of this action.

Judgment was entered in accordance with the findings of fact and conclusions of law, from which this appeal was taken.

*Gustav Buchheit,* for the appellants.

*William H. Woodard,* for the respondent.

KERWIN, J.    The first question presented is whether the strip of land was ever dedicated to the public.    It is clear that there was no completed common-law dedication, because no acceptance by the public.    But it is insisted that there was a statutory dedication.    Secs. 1, 2, 3, 4, and 5 of ch. 47, R. S. 1858, were in force at the time of the alleged dedication.

Sec. 1 provides that when a person wishes to lay out a town in this state, or an addition or subdivision of out-lots, such person shall cause the same to be surveyed and a plot thereof made, which shall particularly describe and set forth all the streets, alleys, commons, or public grounds, and all in- and out-lots or fractional lots within, adjoining, or adjacent to said town, giving the names, widths, courses, boundaries, and extent of all such streets and alleys.

Sec. 3 provides that the county supervisors or proprietors of the town, addition, or subdivision of out-lots shall, at the time of surveying and laying out the same, plant and fix at a corner of the public ground, or at the corner of a public lot, if any there be, and, if there be none, then at the corner of some one of the in-lots in the town and at the corner of each out-lot, a good and sufficient stone of such size and dimensions and in such manner as the surveyor shall direct, for the corner from which to make future surveys, and the point or points where the same may be found shall be designated on the plot or map.

510    SUPREME COURT OF WISCONSIN.    [Oct.

University of Our Lady of the Sacred Heart v. Watertown, 150 Wis. 505.

Sec. 4 provides that the plot or map after completion shall be certified by the surveyor, and acknowledged, and a certificate of acknowledgment shall be indorsed on the plot or map, which certificate and acknowledgment shall also be recorded and form a part of the record.

Sec. 5 provides that when the plot or map shall have been made out, certified, acknowledged, and recorded as required by this chapter, every donation or grant to the public, or to any individual or individuals, religious society or societies, or to any corporation or bodies politic, marked or noted as such upon said plot or map, shall be deemed in law and equity a sufficient conveyance to vest the fee simple of all such parcel or parcels of land as are therein expressed, and shall be considered to all intents and purposes a general warranty against such donor or donors, their heirs and representatives, to the said donee or donees, grantee or grantees; and the land intended to be for streets, alleys, ways, commons, or public uses shall be held in the corporate name in trust to and for the uses and purposes set forth and expressed and intended.

Sec. 4, ch. 210, Laws of 1865, relating to the platting of lots and lands in the city of *Watertown,* was in force at the time of the alleged dedication, and provides that any person owning a lot or tract of land within the corporate limits of the city of *Watertown,* who may desire to subdivide or plat such lot or tract of land into city lots, shall in platting the same cause the streets and alleys to correspond in width and general direction with the streets and alleys through the lots and blocks in said city adjacent to said tract of land so platted; "and before recording such plat, as required by law, it shall be the duty of the person or persons making such plat, to submit the same to the common council of said city for approval, and if such plat shall be approved by the common council, it shall be lawful for the party or parties making such plat, to record the same in the manner prescribed in the Revised Statutes of this state concerning town plats; but ex-

cept such plat shall be approved by resolution adopted by said common council, a copy of which, duly certified to by the city clerk, shall be affixed to said plat, it shall not be lawful for the register of deeds to receive such plat for record; and the person or persons neglecting or refusing to comply with the requirements of this act, shall forfeit and pay a sum not less than one hundred dollars, nor more than five hundred dollars, and the register of deeds who shall record such plat without such resolution of the common council thereto attached, approving the same, shall forfeit and pay a sum not less than twenty-five dollars, nor more than fifty dollars."

There was no attempt whatever made to comply with the provisions of the statute above quoted. This statute is mandatory, and absolutely prohibits the recording of the plat until approved in the manner therein provided, and makes it unlawful to receive it for record until so approved, and attaches a penalty for violation of the statute.

The law is well settled in this state and elsewhere that in order to make a valid statutory dedication the statute must be substantially complied with. *Gardiner v. Tisdale,* 2 Wis. 153; *Emmons v. Milwaukee,* 32 Wis. 434; *Fleischfresser v. Schmidt,* 41 Wis. 223; *Chicago v. Drexel,* 141 Ill. 89, 30 N. E. 774; *Brooks v. Topeka,* 34 Kan. 277, 8 Pac. 392.

It is argued that we should presume that ch. 210, Laws of 1865, was complied with. But we cannot presume a thing was done which the record shows was not done. The law required a copy of the resolution of approval duly certified to be affixed to the plat. None appears upon the plat. It is only after the plat has been made, certified, acknowledged, and recorded, as required by the statute, that the title passes. Sec. 5, ch. 47, R. S. 1858. Ch. 210, Laws of 1865, not having been complied with, the plat was not entitled to record, hence no title to the strip of land in question passed to the public. It follows that there was no statutory dedication.

It is further contended that the provisions of the Statutes

of 1858 referred to, or some of them, were not complied with, hence there was no dedication of the strip for that reason. Also that if there ever had been a dedication it was abandoned by the defendant, and that in any event the defendant is estopped from claiming that the strip was dedicated to the public. We need not and do not pass upon these contentions, since there was no statutory dedication without compliance with ch. 210, Laws of 1865.

*By the Court.*—The judgment of the court below is affirmed.