RAU and wife, Respondents, vs. FREUND, Appellant.

*December 6, 1916—January 16, 1917.*

*Plats of land: Validity: Streets: Dedication: Reference to plat in conveyance: Estoppel: Intent.*

1. Where a plat made by the owner of land and recorded, but not signed or acknowledged by any one, covered also an adjoining tract the owners of which never assented to or adopted it as a plat of their land, it did not constitute a grant or dedication of a strip marked thereon as a street in said adjoining tract.
2. A plat not entitled to record may be referred to, in conveying the real estate it embraces, for the purposes of description and

identification; but such a reference does not of itself make the plat operative as a statutory dedication of a strip indicated thereon as a street.

3. Plaintiff conveyed to defendant a parcel of land by metes and bounds, starting at a point designated on an "assessor's plat" as a lot corner. An adjoining strip was not designated on that plat by name as a street, although it had been so designated on an invalid plat not made by plaintiff, and the city had never accepted it as a street but had treated and assessed it as plaintiff's private property. Defendant did not, at the time, understand that such strip was a street, and he afterwards bought a part of it from plaintiff. *Held,* that there was no dedication by plaintiff of the strip for a street by way of an estoppel *in pais.*

4. To constitute a dedication of land as a street by way of an estoppel *in pais* it is essential that the donor should intend to set the land apart for the benefit of the public.

APPEAL from a judgment of the municipal court of Outagamie county: ALBERT M. SPENCER, Judge. *Affirmed.*

This is an action to enjoin a continuing trespass on a tract of land in the city of Seymour and to recover damages for such alleged trespass.

The strip of land here in question was owned, prior to March, 1874, by one Cyrus Reed, who deeded it, as a part of a six-acre tract, to one Mitchell at that time. In 1892 Mitchell sold and conveyed the six acres to the plaintiffs, describing it by metes and bounds, the description being the same as that in the deed from Reed to Mitchell. After Reed had sold this land to Mitchell he made a plat of another tract of land and included in such plat the six-acre tract theretofore sold to Mitchell. This plat was recorded, but was not signed by any one. The strip in question was designated in such plat as "Mitchell street." A second plat was made by the city of Seymour pursuant to ch. 57, Laws 1887. This was a resurvey of the land as platted by Reed and conformed to the Reed plat, but did not call the strip here involved "Mitchell street." In 1894 the plaintiffs herein conveyed a tract of land to the defendant which lies adjacent to and south

of this so-called "Mitchell street." This land was described by metes and bounds, starting at a point of a lot as platted by Reed. In 1898 the defendant purchased more land from the plaintiffs, and in 1908 plaintiffs conveyed a small parcel of this "Mitchell street" strip, 11 feet wide and 180 feet deep, to defendant, adjoining the property then owned by him. The defendant claims that he at this time made an agreement with *George Rau,* one of the plaintiffs, for an easement for ingress and egress to and from his barn, which fronted on what he claimed to be "Mitchell street." This claim of an easement over "Mitchell street" is denied by the plaintiffs, as is also the claim that this strip of land was ever dedicated as a street. In all of these conveyances by plaintiffs to defendant the only plat referred to was the "assessor's plat of the city of Seymour."

The municipal court awarded judgment enjoining defendant, his agents and servants, from trespassing upon this strip of land and that the title to this strip of land is in *Angeline Rau.* From such judgment this appeal is taken.

For the appellant there was a brief by *Cady & Strehlow* of Green Bay, and oral argument by *Samuel H. Cady.*

For the respondents there was a brief by *Martin, Martin & Martin* of Green Bay, and oral argument by *P. H. Martin.*

SIEBECKER, J. The defendant justifies his acts of alleged trespasses on the strip of land in question upon the ground that it is a public street in the city of Seymour. The plaintiffs claim that the strip is not a street and that it is not subject to any easement whatsoever. Plaintiffs allege ownership of the strip and that they are entitled to the possession thereof to the exclusion of the defendant and all other persons. The defendant denies these claims and alleges that the strip was platted as a public street, and if no public street exists he claims to have acquired the right to use the same as a

passageway for ingress and egress in connection with his adjoining property.   There is no record proof of granting defendant a right entitling him to use this strip as a passageway for ingress and egress, nor does the evidence show that defendant has in any way become vested with such a right. The trial court correctly found that the evidence wholly fails to show that the defendant has acquired the right of a private passageway over this strip.

The claim that this strip is a public street is based on the grounds that the owners thereof dedicated it as a street by the statutory platting of the tract of which it is a part and by the acts of the owners by operation of law.   It appears that one Cyrus Reed sold a six-acre tract, including this strip, to Mitchell and Stewart in August, 1873, and deeded the same to Mitchell in March, 1874, describing it by metes and bounds as a part of the southeast quarter of the southeast quarter of section 29 of town 24.   Mitchell and wife conveyed it by the same description to *George Rau* in October, 1892.   It also appears that Cyrus Reed, after having deeded this six-acre tract to Mitchell, included it in a plat with another tract and caused the strip here in dispute to be outlined and designated on such plat as "Mitchell street." This private plat was recorded, but was not signed or acknowledged by any one.   The owners of this six-acre tract at no time assented to or adopted such plat as a plat of their tract.   Under these facts and circumstances the plat never became a valid plat of the ground, and the inclusion of this six-acre tract in such plat is wholly ineffectual to divide it into blocks, lots, and streets, under secs. 2260–2264, Stats. It necessarily results that the pretended plat did not constitute a grant of the strip in question as and for a street.   *Van Valkenburgh v. Milwaukee*, 30 Wis. 338; *Emmons v. Milwaukee*, 32 Wis. 434; *Fleischfresser v. Schmidt*, 41 Wis. 223; *University of Our Lady of the Sacred Heart v. Watertown*, 150 Wis. 505, 137 N. W. 754.

The defendant further claims that the plaintiffs are bound
by the plat of Seymour as exemplified by the Reed plat and a
copy thereof called the "Assessor's plat," which was made
and recorded by the city of Seymour.   It is well recognized
that a plat not entitled to record may be referred to in con-
veying the real estate it embraces for the purposes of descrip-
tion and identification of the land conveyed.   Such a refer-
ence does not of itself make the plat operative as a statutory
dedication of such a strip as a street.   The inquiry then is,
Did plaintiffs estop themselves as against the defendant from
denying the strip in question to be a public street?   It must
be noted that the description in defendant's deed conveying
to him a parcel of land in this plat is one by metes and bounds,
starting at a point designated on the plat as a lot corner.   It
also appears that the assessor's plat does not designate the
strip by name as a street and that the city at no time ac-
cepted it as a street, but treated the strip as the private prop-
erty of plaintiffs and assessed it as plaintiffs' private property.
The evidence sustains the court's finding that defendant at
the time he purchased from plaintiffs did not understand
that this strip was a public street and that he thereafter
treated it as the private property of the plaintiffs by purchas-
ing an eleven-foot strip thereof from plaintiffs for a valuable
consideration and that he treated this eleven-foot strip as his
private property.   These facts and circumstances clearly re-
fute all claims that plaintiffs expressly dedicated this strip
to a public use and refute the inference that plaintiffs by
their acts and conduct intended that such strip was appor-
tioned for a street.   We are persuaded that the trial court
correctly determined these issues of fact and that they fail
to show a dedication by plaintiffs of the strip for a street by
way of an estoppel *in pais.*   To constitute such dedication
"It is essential that the donor should intend to set the land
apart for the benefit of the public, for it is held, without con-
trariety of opinion, that there can be no dedication unless

there is present the intent to appropriate the land to the public use." 1 Elliott, Roads & S. (3d ed.) § 138.

It is clear that the defendant acquired no right to use this strip as a street or as a private passageway.

*By the Court.*—The judgment appealed from is affirmed.