RIVERA, APELANTE, *v.* LÓPEZ, JUEZ MUNICIPAL, APELADO.

APELACIÓN procedente de la Corte de Distrito de Guayama en un caso de *certiorari.*

No. 967.—Resuelto en junio 2, 1913.

ASEGURAMIENTO DE SENTENCIA—NULIDAD DE PERMUTA DE ANIMALES—OCUPACIÓN Y DEPÓSITO.—En una acción sobre nulidad de un contrato de permuta de animales en la que también se solicita que se entregue al demandante el animal permutado, o en su defecto el valor del mismo, no comete error el juez que ordena la ocupación y depósito del animal en posesión del demandado para asegurar la efectividad de la sentencia, previa prestación de fianza por el demandante.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. F. Cervoni Gely.*
El apelado no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del tribunal.

Se trata de un recurso de apelación interpuesto por Catalino Rivera contra resolución de la Corte de Distrito de Guayama de 4 de diciembre de 1912, declarando sin lugar solicitud de *certiorari* presentada por Rivera á dicha corte para revisar procedimientos de la Corte Municipal de Patillas, en diligencias sobre aseguramiento de sentencia.

Con fecha 7 de septiembre del año 1912, en la Corte Municipal de Patillas presentó demanda Domingo Delfí contra Catalino Rivera en acción redhibitoria, para que declarando nula la permuta que ambas partes habían celebrado el 3 de

septiembre citado de una yegua rucia blanca de la propiedad del demandante, por un caballo y una yegua rucios de la propiedad del demandado, fuera éste condenado a entregar al demandante su referida yegua o en su defecto la suma de $80 con sus intereses legales y las costas del juicio.

Alega Delfí como fundamento de su acción que los animales del demandado, no obstante haber manifestado éste en el acto de la permuta que no padecían enfermedad infecciosa sino un catarro benigno, resultaron estar atacados de muermo y fueron puestos en cuarentena por los oficiales de sanidad, quienes se negaron a devolvérselos por tener males incurables ya de algún tiempo atrás y ser necesario sacrificarlos.

El demandante por medio de moción solicitó la ocupación y depósito en su poder de la yegua rucia blanca por vía de aseguramiento de sentencia y la corte municipal accedió a ese pedimento bajo la responsabilidad del demandante y previa la correspondiente fianza que aquél prestó.

El demandado presentó moción para que se dejara sin efecto la orden judicial ya cumplida y la corte declaró sin lugar la moción sobre levantamiento de embargo.

Esos procedimientos dieron lugar al presente recurso de *certiorari* promovido originariamente ante la Corte de Distrito de Guayama y que ésta declaró sin lugar según dejamos indicado, habiéndose interpuesto contra su resolución recurso de apelación para ante esta Corte Suprema sometido hoy a nuestra consideración y decisión.

Invoca la parte apelante como único fundamento de su recurso la infracción de la sección 1ª. de la ley para asegurar la efectividad de sentencias, puesto que en el juicio en que se originó el embargo de la yegua no se demandaba el cumplimiento de una obligación sino la nulidad de un contrato de permuta, y siendo ello así no es aplicable dicha ley al presente caso.

La sección 1ª. de la ley de 1º. de marzo de 1902 para asegurar la efectividad de sentencias, según ha sido enmendada.

por la ley posterior de 12 de marzo de 1903, establece que toda persona que demandare en juicio el cumplimiento de una obligación podrá obtener una resolución del tribunal que conociere de la demanda adoptando las medidas procedentes, según los casos, para asegurar la efectividad de la sentencia que haya de dictarse en el caso de prosperar la acción ejercitada.

La sección 2ª. de la misma ley prescribe las reglas a que ha de ajustarse el aseguramiento de la sentencia según los casos: (*a*) en que la obligación reclamada fuere de dar cosa determinada poseída por el demandado o por un tercero a su nombre, (*b*) en que la obligación fuere de pagar una suma de dinero, (*c*) en que la obligación fuere de hacer, (*d*) en que la obligación fuere de no hacer, (*g*) en que en los casos precedentes se reclamaren, además, daños y perjuicios, y (*h*) en que el caso no estuviere previsto en los ya relacionados.

Para el caso de que la obligación reclamada fuere de dar cosa determinada, se prohibirá al demandado o al tercero en su caso, la enajenación o gravamen de la cosa reclamada hasta la resolución del pleito. (Regla letra *a*.) Y en los casos no previstos en las reglas letras *a, b, c, d* y *g* el tribunal, discrecional y equitativamente adoptará las medidas procedentes para asegurar la efectividad de la sentencia. (Letra *h*.)

Tomando por norte los preceptos legales que dejamos transcritos llegamos a la conclusión de que el juez de la Corte Municipal de Patillas no infringió la ley para asegurar la efectividad de sentencias al ordenar la ocupación y depósito de la yegua rucia blanca de que se trata y al sostener dicha orden contra la oposición del demandado, estando ajustada por tanto a derecho la resolución recurrida de la Corte de Distrito de Guayama.

Ciertamente que lo que se pide en la demanda como pronunciamiento principal es la nulidad del contrato de permuta y si no se pidiera más pronunciamiento que ese puede ser que el caso no estuviera comprendido en ninguno de los marcados con las letras *a, b, c, d* y *g* en la sección 2ª. de la ley para

asegurar la efectividad de sentencias; pero es que como con-
secuencia de dicho pronunciamiento se. solicita también que
se entregue al demandante la yegua rucia blanca que per-
mutó por los dos animales del demandado, o en su defecto el
valor de dicha yegua, y siendo ello así también se pide el
cumplimiento de una obligación que si no es la de dar cosa
determinada poseída por el demandado (a), es una de las
comprendidas en la regla letra (h) que autoriza al tribunal
para adoptar discrecional y equitativamente las medidas pro-
cedentes para asegurar la efectividad de la sentencia.

El caso de *Veve* v. *The Esperanza Central Sugar Com-
pany,* 13 D. P. R., 258, no guarda analogía con el presente
por tratarse de hechos completamente distintos.

No existiendo la única infracción de ley alegada por el
apelante, procede la confirmación de la resolución apelada.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y
Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la reso-
lución de este caso.