HERMIDA Y PALOS, DEMANDANTES Y APELANTES, *v.* GESTERA, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., contra orden levantando un embargo en una acción sobre cobro de pesos.

No. 1110.—Resuelto en mayo 18, 1914.

ASEGURAMIENTO DE SENTENCIA—ORDEN ANULANDO UN EMBARGO Y ADMITIENDO UN DEPÓSITO EN METÁLICO EN SU LUGAR—ÓRDENES APELABLES.—La orden de una corte dejando sin efecto el embargo practicado sobre una finca en aseguramiento de la eficacia de una sentencia y permitiendo al deudor que consigne en metálico en la corte el importe del capital reclamado, tiene el alcance de una orden anulando un embargo a los efectos del artículo 295 del Código de Enjuiciamiento Civil y es apelable para ante este tribunal.

ID.—EMBARGO PARA ASEGURAR EL PAGO DEL CAPITAL, INTERESES, COSTAS Y HONORARIOS DE ABOGADO—FACULTADES DEL MÁRSHAL.—Cuando el demandante solicita una orden de embargo para asegurar el pago del capital con intereses, costas y honorarios de abogado y la corte decreta dicho embargo, es mejor práctica que el secretario en la orden de embargo haga constar las sumas expresadas en la solicitud de embargo o en la demanda por cada uno de dichos conceptos, y cuando en dicha orden se hace referencia a la

demanda en la cual se reclaman dichas sumas, el márshal tiene facultades para practicar el embargo por una cantidad que cubra no solamente el capital, sino los intereses con costas y honorarios de abogado.

ID.—EMBARGO PARA ASEGURAR EL PAGO DEL CAPITAL, INTERESES Y HONORARIOS DE ABOGADO.—De acuerdo con la ley de marzo 1, 1902, sobre aseguramiento de sentencias, puede decretarse un embargo para asegurar el pago del capital con los intereses y costas y honorarios de abogado cuando la parte así lo pide, y si el deudor desea levantar el embargo sobre bienes inmuebles y sustituirlo por un depósito en dinero en efectivo debe depositar una cantidad suficiente para cubrir todas las sumas reclamadas en la demanda, incluyendo honorarios de abogado.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. A. J. Amadeo.*

Abogados del apelado: *Sres. Bosch* y *Soto.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Después de haber presentado los demandantes su demanda en la Corte de Distrito de San Juan hicieron una solicitud de aseguramiento de sentencia o lo que en la ley americana se conocería como un embargo con anterioridad a la sentencia. Toda esta cuestión está regulada por la ley de marzo 1, 1902, Leyes de 1902, página 178, "Estatutos Revisados" de ese año, secciones 369 a la 386 inclusive. A esta ley se le hicieron ligeras enmiendas en el año 1903, pero éstas no se relacionan especialmente con el presente caso.

Se alega en la solicitud de aseguramiento que los demandantes habían establecido la acción en cobro de la suma de ochocientos dólares, con intereses legales desde enero 1908, más doscientos cincuenta dólares para honorarios de abogados, costas y gastos del juicio. Y los demandantes fundaron sus alegaciones en las secciones 1, 2, 4 y 5 de la ley de marzo 1, 1902, a que ya se ha hecho referencia. Los peticionarios suplicaron a la corte que dictara una orden de embargo contra los bienes del demandado en cantidad suficiente para responder de las sumas reclamadas, o en otras palabras, de la cantidad de ochocientos dólares de capital, con interés legal desde enero 1, 1908, más doscientos cincuenta dólares por honorarios de abogado, la costas y gastos del juicio. Esta solicitud fué presentada el día 16 de diciembre, 1913.

En 18 de diciembre de 1913, la corte dictó una orden en la cual declaró que la corte accedía a lo solicitado previa prestación de fianza por la suma de doscientos dólares para responder de los daños y perjuicios que pudieran ocasionarse al demandado con motivo del aseguramiento pedido. Entonces presentaron los demandantes una moción o dieron instrucciones al márshal para que procediera a embargar cierta finca propiedad del demandado, radicada en Puerta de Tierra de conformidad con la orden de embargo, la que según alegaron fué acompañada a la moción. En la copia de la orden librada por el secretario de la corte de distrito se disponía que por cuanto los demandantes habían presentado una moción de aseguramiento de sentencia, y por cuanto la corte había dictado una orden para que se verificara dicho embargo después de prestada la fianza, se ordenaba al márshal que procediera a embargar toda la propiedad del demandado o aquella parte de la misma suficiente a cubrir la suma de ochocientos dólares con   *   *   *   centavos que se reclamaba en la demanda y las costas; conteniendo la copia de dicha orden otras formalidades que no se relacionan con este caso. El día 19 de diciembre de 1913, el márshal archivó en la corte su certificado de diligenciamiento del referido mandamiento en el cual expresaba que había embargado una finca perteneciente al demandado, radicada en Puerta de Tierra. Esta era la misma finca que se describió en la moción o en las instrucciones que fueron dadas al márshal. Y en 18 de diciembre el referido márshal entregó un mandamiento al registrador de la propiedad, en el cual declaraba que en cumplimiento de una orden de embargo dictada por el juez de la corte de distrito, había embargado la finca que describía, en Puerta de Tierra, y notificó al registrador que el embargo se practicó para responder de la suma de ochocientos dólares de capital, doscientos ochenta y cuatro dólares para intereses, y doscientos cincuenta dólares para costas, gastos y honorarios de abogado. De conformidad con este aviso el registrador de la propiedad procedió a hacer anotación en sus libros.

En 23 de enero presentó el demandado una moción para levantar el embargo. En la moción se expresaba que se había trabado un embargo y que la suma reclamada en este caso ascendía a ochocientos dólares, por lo que se suplicó a la corte que dejara sin efecto el embargo practicado y se ordenara la cancelación de su inscripción en el registro de la propiedad por haber consignado en la corte el demandado la cantidad de ochocientos dólares. En su virtud, en 23 de enero 1914, la corte de distrito de San Juan dictó una orden en la que se declaraba que el demandado había consignado en la secretaría de la corte la suma de ochocientos dólares suplicando éste al propio tiempo que se dejara sin efecto el embargo. Por tanto, la corte ordenó que quedara sin efecto dicho embargo, debiendo cancelar el registrador de la propiedad la anotación que se había hecho de dicho embargo. Contra esta orden de 23 de enero, 1914, interpusieron los demandantes recurso de apelación.

De los autos no aparece si la moción solicitando que se permitiera hacer la consignación fué hecha en un procedimiento *ex parte,* o si también fueron oídos los demandantes, pero a falta de prueba en contrario tendremos que admitir que la cuestión fué debidamente sometida a la consideración de la corte inferior, puesto que los demandantes tenían derecho a ser oídos.

Alega el apelado que este tribunal carece de jurisdicción para resolver la apelación por no estar comprendida la orden apelada en ninguno de los preceptos del artículo 295 del Código de Enjuiciamiento Civil. El apelado conoce el precepto legal que autoriza la apelación contra cualquier orden anulando o negándose a anular un embargo, pero alega que la orden apelada no constituía sino una mera modificación del embargo, la que no anuló o dejó sin efecto el embargo hecho anteriormente. Sostiene que habiéndose hecho la consignación en este caso por virtud de la sección 15 de la ley de marzo 1, 1902, dicha orden era simplemente modificando la forma del embargo y disponiendo la suspensión del mismo. Tam-

bién se ha alegado que la ley de marzo 1, 1902, no incluye intereses y honorarios y por tanto que el caso no varía por el hecho de que solamente se hubiera consignado la suma de ochocientos dólares sin consignar a la vez otra suma suficiente a cubrir los intereses y las costas.

Según los términos de la orden dictada en enero 23, 1914, el embargo quedó sin efecto. Si las palabras tienen alguna significación el embargo quedó anulado por virtud de dicha orden. Una fianza que responda al mismo fin no deja embargada la finca. Esta queda necesariamente exenta del embargo. Además, la orden de embargo de acuerdo con sus términos comprendía sumas diferentes y distintas a la de ochocientos dólares consignados por el demandado. La consignación hecha por el demandado se fundó en una razón distinta de la que tuvieron los demandantes al hacer el embargo. Examinado el caso desde cualquier punto de vista somos de opinión de que la orden de la corte anuló el embargo y era apelable.

Parece que el apelado alega que la consignación de ochocientos dólares sustituye para todos los efectos cualquier reclamación de la demanda. De todos modos el apelado insiste en que ninguna de las secciones de la ley de marzo 1, 1902, autoriza un embargo para el cobro de intereses y honorarios de abogado.

Se alega incidentalmente que al proceder el márshal a hacer el embargo de toda la finca por la suma del capital, intereses, costas y honorarios se excedió en sus atribuciones, pero si se examina la orden expedida por el secretario se verá que en ella se ordenó al márshal que embargara bienes suficientes a cubrir la suma de ochocientos dólares y costas, pero también se alude en ella a la suma reclamada en la demanda. Para ser más preciso el secretario debió haber incluído todas las sumas mencionadas en la solicitud o en la demanda, pero en la forma en que estaba no creemos que el márshal quedara limitado en sus facultades a la orden formal que se le entregó, cuando también esa orden hacía

referencia a la demanda y habiendo además la corte concedido en su orden de diciembre 18, 1913 la moción sobre aseguramiento como en ella se solicitaba, en la cual se trataba de asegurar no solamente el capital sino también los intereses y honorarios. El secretario no se ajustó estrictamente a la orden de la corte pero no había absolutamente nada en su orden que limitara las facultades del márshal y éste estuvo suficientemente autorizado por virtud de la orden de la corte concediendo la moción de aseguramiento en la forma solicitada. Creemos que el embargo hecho por el márshal era suficiente a cubrir intereses y costas si es que dichos intereses y costas pueden ser cobrados por medio de un embargo de conformidad con la ley de marzo 1, 1902,

Alega el apelado haciendo referencia especialmente a la cuestión de honorarios tal como ahora se encuentran prescritos en la ley, que éstos solamente se han venido cobrando desde 1908.

Las secciones 1, 2 y 3 de la Ley de marzo 1, 1902, son las siguientes:

"Sección 1.—Toda persona que demandare en juicio el cumplimiento de una obligación, podrá obtener una resolución del tribunal que conociere de la demanda, adoptando las medidas procedentes, según los casos, para asegurar la efectividad de la sentencia que haya de dictarse en el caso de prosperar la acción ejercitada.

"Sección 2.—El aseguramiento de la sentencia se ajustará a las reglas siguientes:

"* * *

"(*b*) Si la obligación fuere de pagar una suma de dinero, el aseguramiento consistirá en el embargo de bienes bastantes del deudor para responder de las sumas reclamadas.

"* * *

"(*g*) En los casos precedentes, si se reclamaren daños y perjuicios, el aseguramiento podrá comprender, además, el embargo de bienes del demandado, en cantidad bastante a responder de los daños y perjuicios reclamados.

"(*h*) En lo no previsto en las reglas precedentes, el tribunal discrecional y equitativamente adoptará las medidas procedentes para asegurar la efectividad de la sentencia."

"Sección 3.—Ningún aseguramiento de sentencia podrá decretarse sin la presentación de la correspondiente demanda, y de la solicitud de aseguramiento, con expresión de sus fundamentos de hecho y de derecho."

En la moción de aseguramiento presentada por los demandantes solamente se hace mención específica del párrafo (*b*) de la sección 2 de la ley. Quizás si se considera técnicamente el párrafo (*b*) solamente comprende la suma del capital y los intereses y no los honorarios, pero nos inclinamos a creer que si bien el pago de honorarios es una cuestión discrecional en la corte, constituye sin embargo una obligación por parte de una persona de igual modo que cualquiera infracción de los derechos de otra persona puede hacer responsable a un demandado en una reclamación por daños y perjuicios que han sido o nó liquidados. De cualquier modo la corte tenía discreción de acuerdo con el párrafo (*h*) para incluir casos que no han sido prescritos de modo específico en otras partes de la ley de marzo 1, 1902. La ley en su totalidad tiene por objeto proteger a los demandantes en cualquier reclamación que puedan tener contra el demandado y la reclamación de los honorarios en que han incurrido por haber tenido que acudir a la corte ha sido reconocida específicamente por la legislatura en la ley de 1908. Creemos que cuando se presenta a la corte la debida solicitud y se presta según sea el caso la correspondiente fianza, debe dicha corte dictar una orden de embargo que comprenda todas las sumas reclamadas en una demanda. En este caso la corte en realidad lo hizo así y el único error que se cometió fué el de haberse dejado sin efecto el embargo al hacerse la consignación por una suma menor que todas las reclamadas por los demandantes. Por estas razones debe revocarse la orden dictada en 23 de enero, 1914, y continuar el caso de conformidad con los fundamentos de esta opinión.

*Revocada la orden apelada debiendo continuar la tramitación del caso de acuerdo con esta opinión.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.