SANTIAGO, DEMANDANTE Y APELADO, *v.* CAPÓ, MÁRSHAL DE LA CORTE MUNICIPAL, Y ARBONA HERMANOS, SUCESORES, DEMANDADOS Y APELANTE LA SEGUNDA.

No. 3241.—*Visto:* Abril 24, 1924. *Resuelto:* Junio 16, 1924.

*Injunction*—CRÉDITO PREFERENTE—ASEGURAMIENTO DE SENTENCIA.—"A" demandó en cobro de dinero y embargó bienes del comerciante "B" en pleito ante la corte municipal. "C" alegando un crédito preferente por sueldos y que estaba pendiente en apelación un pleito contra "B" para su cobro, radicó en la corte de distrito una demanda de *injunction* contra "A" y contra el

márshal de la corte municipal para impedir la anunciada venta de los bienes embargados. *Se resolvió:* que tal remedio intentado por "C" no era el adecuado sino el que brinda la ley sobre aseguramiento de sentencia de .1902 que debió ejercitar ante la corte municipal. *Goffinet* v. *Polanco, 30 D. P. R.* 826.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), declarando con lugar demanda de *injunction,* sin costas. *Revocada y desestimada la demanda.*

*López de Tord & Zayas Pizarro,* abogados de la apelante; *A. Quintana Cajas,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Manuel Cruz Semidey, quien se alegó era insolvente, debía dinero a Arbona Hermanos y Cía., comerciantes de Ponce, y para cobrar su crédito la segunda, después de presentada una demanda en la Corte Municipal de Coamo, embargó las mercancías de dicho Semidey. Juan A. Santiago era un empleado de Semidey, quien también trabó un embargo por sueldos devengados, el cual dejó en poder del márshal de la Corte Municipal de Coamo. Entonces Santiago en la Corte de Distrito de Ponce radicó una demanda de *injunction* contra Arbona Hermanos y Cía. y el márshal. La demandada Arbona Hermanos formuló excepción previa y sometió su caso, dictando la corte sentencia en favor del demandante.

La demanda alega que Santiago era un acreedor preferente y que está pendiente una acción en la Corte de Distrito de Ponce en apelación de la Corte Municipal de Coamo en cobro de dicha suma. El demandante alegó que la venta de las mercancías embargadas fué señalada para cierto día posterior a la radicación de la demanda de *injunction,* y alegó también que si se verificase la venta su crédito preferente quedaría anulado.

Convenimos con la apelante en que todo el procedimiento pudo quedar arreglado debidamente en la Corte Municipal de Coamo por virtud del procedimiento de embargo y debió haber sido resuelto allí. Una corte tiene amplias facul-

tades de conformidad con un procedimiento de embargo. Este es el efecto de nuestra decisión en el caso de *Goffinet v. Polanco,* 30 D.P.R. 826. El apelado trata de distinguir el caso, fundado en que no hubo ningún embargo en el caso de Goffinet, pero estábamos sugiriendo que tal embargo era un remedio que podían utilizar las partes en la ejecución de la sentencia en vez de un *injunction.* Y estas consideraciones serían de aplicación si tuviera Santiago un crédito preferente por virtud del artículo 1825 del Código Civil. El apelado parece creer que un embargo y venta extinguiría su derecho a recobrar, toda vez que Semidey es insolvente.

Lo que es muy evidente en este caso es que la demanda no presenta un caso tal que justifique la intervención de una corte de equidad. El apelado no ha demostrado que no tiene un remedio adecuado en ley, sino varios. El no demuestra una condición de daños irreparables y su sugestión de la necesidad de evitar una multiplicidad de acciones no nos parece sostenible.

También podemos dudar si la equidad favorecerá a un simple acreedor por contrato cuya reclamación no se ha convertido en sentencia, pero no nos detendremos a examinar la jurisprudencia en este sentido.

*Debe revocarse la sentencia y desestimarse la demanda.*