CARMEN MARÍA NADAL CARRIÓN, demandante y apelada, *v.* ANGEL CARRIÓN, demandado y apelante.

No. 3611.—*Visto:* Noviembre 6, 1925. *Resuelto:* Marzo 12, 1926.

1. INJUNCTION—INJUNCTIONS PRELIMINARES O INTERLOCUTORIOS—FUNDAMENTOS DE, Y PROCEDIMIENTO PARA OBTENERLOS—DE LA PETICIÓN O SOLICITUD—ALEGACIONES EN LA MISMA—PETICIÓN AMBIGUA, ININTELIGIBLE Y DUDOSA.—Radicado pleito sobre nulidad de adjudicación de bienes, y solicitado *injunction* para prohibir cobrar las rentas de los mismos, la alegación en la petición de *injunction* de que los bienes pertenecen a la demandante—no obstante alegarse también que fueron adjudicados al demandado—no la hace ambigua, ininteligible y dudosa; aquella alegación es consecuencia del pleito principal.

2. INJUNCTION—INJUNCTIONS PRELIMINARES O INTERLOCUTORIOS— FUNDAMENTOS DE, Y PROCEDIMIENTO PARA OBTENERLOS—DE LA PETICIÓN O SOLICITUD—SUFICIENCIA DE LA MISMA.—En petición de *injunction*—solicitado en pleito sobre nulidad de adjudicación de bienes—para prohibir el cobro de las rentas, la alegación de que el adjudicatario escribió a los arrendatarios para que le paguen los arrendamientos, se resolvió suficiente, con las demás alegaciones, para solicitar la petición de prohibición mencionada.

3. INJUNCTION—NATURALEZA Y FUNDAMENTOS EN GENERAL—EXISTENCIA DE OTRO REMEDIO ADECUADO EN EL CURSO DE LA LEY—PROHIBICIÓN NO DECRETADA DE ACUERDO CON LA LEY SOBRE EFECTIVIDAD DE SENTENCIA.—Una parte no sufre perjuicio alguno con que la prohibición decretada contra él se dicte en un procedimiento de *injunction* en el que ha sido oído, y no de acuerdo con la Regla H de la ley para asegurar la efectividad de sentencias.

4. INJUNCTION—INJUNCTIONS PRELIMINARES O INTERLOCUTORIOS— FUNDAMENTOS DE, Y PROCEDIMIENTO PARA OBTENERLOS—CONCESIÓN DEL INJUNCTION—PRONUNCIAMIENTO ERRÓNEO.—Solicitado *injunction*, en pleito sobre nulidad de adjudicación de bienes, para prohibir al adjudicatario el cobrar las rentas, la resolución facultando a la demandante para cobrarlas, no habiéndose exigido fianza por las rentas, es errónea.

RESOLUCIÓN de *Angel Acosta,* J. (Mayagüez), decretando un *injunction* preliminar prohibiendo al demandado cobrar las rentas de bienes que le fueron adjudicados y cuya nulidad se solicita. *Modificada y confirmada.*

*A. Nazario Lugo* y *Emilio Forestier Gregory,* abogados del apelante;
*Angel A. Vázquez,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Doña María del Carmen Nadal Carrión demandó a Angel Carrión para que sea declarado nulo el juicio ejecutivo hipotecario que el segundo siguió contra la primera para el cobro de dos pagarés al portador garantizados con hipoteca de varias fincas cuyo resultado fué la adjudicación de esas fincas en subasta pública al ejecutante, siendo el fundamento principal de esa demanda de nulidad que esos pagarés hipotecarios han sido declarados nulos en otro juicio entre las mismas partes por haberse apoderado de ellos Angel Carrión clandestina e ilegalmente sin causa o consideración y también por defectos de la demanda ejecutiva hipotecaria. Con la demanda de nulidad del ejecutivo hipotecario se presentó una petición jurada de *injunction* a fin de que se prohibiera a Angel Carrión que cobrase las rentas de los bienes que le fueron adjudicados en la subasta alegándose que así intentaba hacerlo según cartas que escribió a algunos arrendatarios de los bienes; que el demandado se propone apelar de la sentencia que declara nulos los pagarés y la hipoteca que los garantiza, con el propósito de dilatar la terminación definitiva de ese litigio: que si el adjudicatario de esos bienes cobrase sus rentas mientras dura este pleito, que ascienden a $190 mensuales, la demandante perdería totalmente ese dinero porque el demandado es insolvente y carece de bienes para restituirlo en caso de que prosperase su demanda, por lo que si se negara el *injunction* que se solicita la demandante sufriría daños irreparables. Se hicieron parte de la petición la demanda jurada establecida contra Angel Carrión sobre cancelación del gravamen hipotecario y el procedimiento ejecutivo hipotecario a que nos hemos referido, apareciendo que la primera se fundó en que si bien la madre de la demandante otorgó dos pagarés al portador garantizados con hipoteca tales pagarés no fueron ne-

gociados, enajenados ni dados en garantía por la deman-
dante ni por su madre, en cuyo poder se encontraban a su
fallecimiento, y de los cuales se apoderó clandestina e ile-
galmente Angel Carrión, persona insolvente a quien la ma-
dre de la demandante proporcionó casa, comida y algunas
pequeñas cantidades de dinero.

Oídas las partes con respecto a la petición de *injunction*
la corte inferior lo decretó prohibiendo al demandado que
practique acto alguno tendente al cobro de las rentas y or-
denándole que mientras se dicte sentencia en el pleito no
obstaculice el cobro de esas rentas por doña María del Car-
men Nadal Carrión a la que se exigió que prestase fianza
por mil dólares.

De esa resolución apeló Angel Carrión para ante no-
sotros alegando para que la revoquemos que la petición es
ambigua, ininteligible y dudosa; que no expone hechos de-
terminantes de causa de acción, y que la demandante tiene
un remedio suficiente, adecuado y rápido en el curso ordi-
nario de la ley para obtener lo que solicita mediante *injunc-
tion*.  El apelado no presentó alegato escrito y los aboga-
dos de las partes no comparecieron a la vista de esta ape-
lación.

[1] La alegación de que la petición de *injunction* es am-
bigua, ininteligible y dudosa se hace descansar en que en
una de sus alegaciones se dice que los bienes hipotecados
han sido adjudicados al demandado mientras que en otra
se consigna que la demandante es la dueña de esos bienes,
pero no tiene razón el apelante en esa excepción porque la
manifestación de la demandante de que los bienes le perte-
necen a pesar de decir que fueron adjudicados al deman-
dado es consecuencia de su pleito en que alega que es nula
la adjudicación de bienes hecha al demandado en el ejecu-
tivo hipotecario.

[2] En cuanto a que la petición de *injunction* no aduce
hechos suficientes para solicitarlo se dice que así es porque
los casos 2° y 3° de la Ley sobre Injunction lo autoriza para

actos ejecutados durante el litigio pero no para actos anteriores a él como son los alegados referentes a que el demandado ha escrito antes de la radicación de la demanda a los inquilinos de sus fincas para que le paguen sus arrendamientos.

El artículo 3 de dicha ley dispone que podrá librarse un *injunction* en los casos que enumera, siendo el 2º así: "Cuando de la petición o declaración jurada resultare que la comisión o continuación de algún acto, durante el litigio, habrá de causar pérdidas o daños irreparables a algunas de las partes." De las palabras transcritas no aparece que solamente puede decretarse cuando las actos se cometan después de iniciado el pleito en que se solicita pues dice "cuando resultare que la comisión o continuación de algún acto", lo que permite librar el *injunction* para impedir la comisión de ciertos actos durante el litigio por lo que la alegación de que el demandado ha escrito a los arrendatarios de las fincas para que les paguen los arrendamientos de ellas demuestra la intención de seguir cobrándolos durante el litigio, acto que como adjudicatario puede ejecutar si no causa perjuicio irreparable o de consideración a otra persona, pero que es suficiente con los otros hechos alegados para la petición de prohibición que se presentó.

[3] Réstanos la última cuestión propuesta, fundada en que la demandante tiene remedio en la ley para asegurar la efectividad de las sentencias, de acuerdo con su sección 2ª, regla H, según la cual en lo no previsto en las reglas anteriores el tribunal discrecional y equitativamente adoptará las medidas procedentes para asegurar la efectividad de la sentencia, alegándose que de acuerdo, con ella el tribunal hubiera ordenado que se depositaran dichas rentas y no hubiera dispuesto que sea la demandante la que las cobre privando al demandado de sus bienes sin un debido proceso de ley.

Aun cuando fuera aplicable la ley de efectividad de sentencias como en el caso de *Goffinet* v. *Polanco* 30 D.P.R. 835

hemos declarado que algunas de las reglas de la ley para asegurar la efectividad de las sentencias surten el mismo efecto que una orden de *injunction* y llenan la misma formalidad, y que la regla H confiere poder discrecional y equitativo a la corte, el apelante no ha sufrido perjuicio alguno con que la prohibición decretada contra él se haya dictado en un procedimiento de *injunction* en el que ha sido oído, y no de acuerdo con la regla H citada, por lo que no existe el error que alega.

[4] Con respecto al particular de la resolución apelada referente a que el demandado no obstaculice a la demandante en el cobro de dichas rentas mientras se termina el pleito, o en otras palabras facultando a la demandante para cobrarlas, creemos que es erróneo pues como la fianza exigida por la Corte a la demandante sólo garantizará al demandado los daños y perjuicios que pueda sufrir por la orden de *injunction* si se resolviese en definitiva que el pleito en que se decretó no es procedente, según la Sección 7ª de la Ley de Injunctions y no la devolución de las cantidades que cobre, la corte inferior debió decretar que la demandante depositara esas rentas en el tribunal a las resultas del juicio o exigirle otra fianza por las rentas. *En este extremo debe ser modificada la orden recurrida.*