JOSÉ MARÍA FRANCESCHI, JUAN FRANCESCHI, DOMINGO, ESTRE-
LLA Y SALVADOR LEANDRI Y ANGEL Y BLANCA MASSARI, pe-
ticionarios, *v.* LA CORTE DE DISTRITO DE PONCE, HON. DO-
MINGO SEPÚLVEDA, JUEZ, demandada; y LÓPEZ DE TORD &
ZAYAS PIZARRO, interventores.

No. 955.—*Sometido:* Marzo 6, 1934. *Resuelto:* Marzo 29, 1934.

*Henry G. Molina* y *M. León Parra,* abogados de los peticionarios;
*López de Tord & Zayas Pizarro,* por su propio derecho.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión
del tribunal.

Se solicita en este caso la expedición de un auto
de *certiorari* para revisar una orden de la Corte de Distrito
de Ponce en que se niega la aprobación de una fianza y se
fija la garantía que debe prestarse para asegurar el pago de
los honorarios que reclaman los abogados López de Tord &
Zayas Pizarro por servicios prestados a la administración

judicial de los bienes relictos al fallecimiento de Francisco María Franceschi. La corte inferior ha dispuesto la fianza que debe prestarse y no creemos que esté justificada la intervención de este tribunal para revisar por medio de un procedimiento de *certiorari* las actuaciones de la referida corte en el uso de sus facultades discrecionales. Hemos resuelto que los honorarios de abogado por servicios legalmente prestados a la administración judicial constituyen gastos de administración. En la opinión emitida en el caso de *Franceschi* v. *Corte*, 45 D.P.R. 671, dijimos:

"De acuerdo con el artículo 1ro., capítulo 7, de la ley de procedimientos legales especiales, los gastos de reparación y cultivo, de contribuciones, de pleito y demás atenciones ordinarias de la administración, corren a cuenta de la misma. El artículo 41 de la ley citada dispone que para dichos gastos, los de pleito y demás atenciones ordinarias de la administración, podrá el juez disponer que retenga el administrador una cantidad suficiente o mandarla a pagar del depósito, si no pudiera cubrirlos con los ingresos ordinarios. Entre los gastos de pleito que expresamente se mencionan por la ley como gastos de administración, consideramos incluídos los servicios de abogado legalmente utilizados por la administración judicial."

Dijimos también en la referida opinión lo que sigue:

"La Corte Suprema de los Estados Unidos, en el caso de Bosworth v. Terminal R'D Ass'n., 174 U. S. 189, se expresó así:

" 'Es una práctica común en las cortes de equidad, ansiosas como están de ser relevadas del cuidado de la propiedad, entregarla a las partes que tienen derecho a ella, aun antes de la solución final de todas las reclamaciones, y al mismo tiempo dejar al síndico la defensa ulterior de la misma, comprometiéndose la parte que recibe la propiedad a aceptar cualquier decreto que pueda finalmente ser dictado contra el caudal.'

"El artículo 59 de la Ley de Procedimientos Legales Especiales dice que el auto definitivo dispondrá la adjudicación del sobrante entre las personas con derecho a ello, después de satisfechas las deudas del finado y cubiertos los gastos de la administración. 'Satisfacer', según el Diccionario de la Real Academia, significa 'pagar enteramente lo que se debe.' 'Cubrir', significa 'pagar o satisfacer una deuda o alcance, gastos, etc.—Cautelarse de cualquiera responsabilidad, riesgo

**408**

o perjuicio.' Entendemos que los propósitos del estatuto quedan cumplidos si la corte, en caso de que tenga que tomarse algún tiempo para fijar la cuantía de los honorarios, exige, mientras resuelve si se debe pagar o no una suma adicional, la garantía que considere suficiente y razonable bajo la condición de que los herederos aceptarán y obedecerán la sentencia que finalmente se dicte, y harán efectiva inmediatamente cualquier cantidad que se les condene a pagar. Una vez prestadas las debidas garantías, la corte debe requerir perentoriamente al administrador judicial para que rinda su cuenta final y dictar el auto correspondiente.''

█ Si los honorarios de abogado constituyen gastos de administración y existe una reclamación pendiente por servicios profesionales que se alegan han sido prestados a la administración judicial, es natural que el radio de la discreción judicial tenga alguna amplitud para asegurar el pago de los servicios alegados, a fin de que pueda hacerse efectiva inmediatamente la sentencia final que se dicte, en caso de que la corte llegase a la conclusión de que se debe a los abogados López de Tord & Zayas Pizarro alguna cantidad.

*No ha lugar a expedir el auto solicitado.*