In re: José María Franceschi, et als., Albaceas, peticionarios y apelados, *v.* López de Tord & Zayas Pizarro, interventores y apelantes.

No. 6646.—*Sometido:* Abril 2, 1934. *Resuelto:* Abril 5, 1934.

*López de Tord & Zayas Pizarro,* por su propio derecho; *Henry G. Molina, M. León Parra* y *F. González Fagundo,* abogados de los apelados.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Por dos motivos se solicita la desestimación de la apelación interpuesta en este caso, á saber: porque no es apelable

la resolución recurrida y porque el recurso establecido es frívolo.

El 21 de febrero último la Corte de Distrito de Ponce dictó una resolución por virtud de la cual se negó a aprobar cierta fianza personal por noventa mil dólares prestada por los herederos de José María Franceschi a fin de asegurar la efectividad de la resolución que pudiera dictarse en la reclamación de honorarios de abogado presentada por los Sres. López de Tord y Zayas Pizarro dentro de los procedimientos sobre administración de la herencia y rebajó la cuantía de dicha fianza a cincuenta mil dólares, disponiendo las clases de garantías que serían satisfactorias a la corte.

Los Sres. López de Tord y Zayas Pizarro apelaron de la resolución en cuanto rebajó la cuantía de la fianza y sostienen que dicha resolución participa de la naturaleza de una orden anulando parcialmente un embargo y puede considerarse comprendida dentro del artículo 295, inciso tercero, del Código de Enjuiciamiento Civil, a los efectos de la apelación. Citan en apoyo de su contención los casos de *Hermida y Palos* v. *Gestera,* 20 D.P.R. 452, *Osorio* v. *Vizcarrondo,* 35 D.P.R. 174, *National City Bank* v. *de la Torre,* 44 D.P.R. 459 y *West India Oil Co.* v. *Soto,* 44 D.P.R. 533.

█ El caso es en verdad peculiar. No se encuentra expresamente comprendido en el inciso tercero del artículo 295 del Código de Enjuiciamiento Civil y la jurisprudencia invocada se estableció en casos que de él difieren porque ya en ellos se habían trabado los embargos, pero quizá no esté desprovista de razón la contención de los apelantes y pueda considerarse que participa de la naturaleza de una anulación parcial de un embargo y por tanto que es apelable. Dejaremos, no obstante, la cuestión abierta para un más detenido estudio, ya que no es necesario resolverla porque si el recurso existiera debería siempre desestimarse por frívolo en este caso concreto.

█ En la propia moción de desestimación hace referencia la parte apelada al recurso de *certiorari* por ella establecido

pidiendo la revisión de la resolución de febrero 21 en cuanto por ella se excluyó de las fianzas que podrían prestarse, la personal.

Ese recurso fué decidido por esta corte, negándose la expedición del auto y en el curso de la opinión emitida al efecto se dijo:

"Si los honorarios de abogado constituyen gastos de administración y existe una reclamación pendiente por servicios profesionales que se alegan han sido prestados a la administración judicial, es natural que el radio de la discreción judicial tenga alguna amplitud para asegurar el pago de los servicios alegados, a fin de que pueda hacerse efectiva inmediatamente la sentencia final que se dicte, en caso de que la corte llegase a la conclusión de que se debe a los abogados López de Tord & Zayas Pizarro alguna cantidad." *Franceschi* v. *Corte de Distrito,* 46 D.P.R. 406.

Y recientemente se dijo también por esta Corte Suprema en el caso de *Sosa* v. *Corte de Distrito,* 46 D.P.R. 282:

"La apreciación de los probables perjuicios a compensar y en su consecuencia la fijación de la cuantía de la fianza, corresponde a la sana discreción de la corte sentenciadora, y tendría que demostrarse un claro abuso de esa discreción para que esta Corte pudiera intervenir."

Se ve, pues, que el énfasis en ambas decisiones se puso en la facultad discrecional de la corte de distrito para fijar la extensión de la garantía. Claro es que en la generalidad de los casos se toma por base la cuantía de la reclamación para determinar la de la fianza, pero ello no quiere decir que la corte esté de tal manera obligada por dicha cuantía que no pueda ejercitar su juicio y fijar una cantidad menor en propios casos. Aquí se reclaman noventa y siete mil dólares por servicios profesionales prestados en relación con la herencia de Franceschi que se encuentra en administración judicial. La corte desde un principio fijó la fianza que debían prestar los herederos para garantizar la reclamación de los abogados en menos de la cantidad por éstos reclamada sin que éstos se quejaran, y luego la redujo aun más, estable-

ciendo entonces los abogados la presente apelación. La misma peculiaridad del caso a que antes hicimos referencia lo hace más apropiado para el ejercicio de su discreción por parte de la corte. No se reclama algo que trae su origen de causas enteramente desconocidas para el tribunal; se reclaman honorarios por servicios prestados dentro de la administración que está bajo la jurisdicción y alta inspección del tribunal, y éste, por tanto, se encuentra en perfectas condiciones para, velando por los intereses de todos, tomar las medidas conducentes a garantizarlos en justicia. Las razones que expresara el juez en su resolución no tienen gran importancia, es la conclusión a que llegara la que en verdad la tiene.

Siendo ello así y tratándose de una situación que debe quedar despejada lo más pronto posible, después de una cuidadosa consideración de todas las circunstancias concurrentes, creemos que no existe el más leve motivo para concluir que el juez de distrito abusara de su discreción al fijar en cincuenta mil dólares la cuantía de la fianza que los herederos deben prestar y por lo tanto que *se trata de un recurso frívolo que debe, en tal virtud, desestimarse.*

El Juez Asociado Señor Aldrey disintió en cuanto a la desestimación del recurso por frívolo.*